AMERISURE INSURANCE COMPANIES v TIME AUTO
TRANSPORTATION, INC

Docket No. 131877. Submitted July 8, 1992, at Detroit. Decided
November 2, 1992, at 9:25 A.M. Leave to appeal sought.

Amerisure Insurance Companies, the workers' compensation in-
surer of Time Auto Transportation, Inc., brought an action in
the Oakland Circuit Court against Time Auto for breach of
contract after Time Auto refused to pay for coverage of certain
persons deemed by Amerisure to be Time Auto employees.
Time Auto sought a declaration that the persons Amerisure
claimed were Time Auto employees in fact were independent
contractors. The court, Hilda R. Gage, J., issued a judgment for
Time Auto, determining that six of the disputed persons were
independent contractors. Amerisure appealed, claiming that
the trial court lacked jurisdiction to determine whether the six
persons were independent contractors or employees of Time
Auto and that the trial court nonetheless misapplied MCL
418.161(1)(d); MSA 17.237(161)(1)(d) and the economic reality
test in making the determination.

The Court of Appeals *held:*

1. Although the Bureau of Workers' Disability Compensation
has exclusive jurisdiction to decide whether a worker's injury is
suffered in the course of employment, the courts retain the
power to decide whether a plaintiff is an employee of a defen-
dant.

2. Section 161(1)(d) defines "employee" to include every per-
son performing service in the course of the trade, business,
profession, or occupation of an employer at the time of an
injury, provided the person does not maintain a separate busi-
ness, does not offer and render service to the public, and is not
an employer subject to the Workers' Disability Compensation
Act. The trial court correctly construed § 161(1)(d) in conclud-
ing that a person who maintains a separate business, offers and
renders service to the public, or is an employer subject to the
workers' compensation act is not an employee.

3. Factors considered under the economic reality test include:

REFERENCES
Am Jur 2d, Workers' Compensation §§ 142-146.
See ALR Index under Workers' Compensation.

control of the worker's duties; payment of wages; right to hire, fire, and discipline; and performance of duties toward accomplishment of a common goal.

4. The trial court, upon considering both § 161(1)(d) and the economic reality test, properly determined that the persons disputed in this case were independent contractors and not employees of Time Auto.

Affirmed.

WORKERS' COMPENSATION — EMPLOYEES.

A person injured while performing a service in the course of the trade, business, profession, or occupation of an employer is an employee of that employer for purposes of workers' compensation, unless the person, with respect to the service, maintains a separate business, or offers and renders service to the public, or is an employer subject to the workers' compensation act (MCL 418.161[1][d]; MSA 17.237[161][1][d]).

*Kallas, Lower, Henk & Treado, P.C.* (by *Constantine N. Kallas* and *Edward J. Lee*), for the plaintiff.

*Colombo & Colombo* (by *Michael J. O'Shaughnessy*), for the defendant.

Before: MURPHY, P.J., and SHEPHERD and T. S. EVELAND,* JJ.

MURPHY, P.J. Plaintiff appeals as of right from an August 3, 1990, judgment in favor of defendant. We affirm.

Defendant transports automobiles across the continental United States in tractor-trailers. In January 1988, defendant procured workers' compensation insurance from plaintiff for the policy year January 21, 1988, through January 21, 1989. Defendant paid plaintiff a premium of $1,532 for six employees that defendant had on its payroll. At the end of the policy year, plaintiff performed an audit of defendant's records and determined

---

* Circuit judge, sitting on the Court of Appeals by assignment.

that numerous truck drivers who were performing services for defendant were subject to the Workers' Disability Compensation Act. Defendant, however, contended that these drivers were independent contractors. Plaintiff then sent defendant an invoice for an additional premium of $161,553. When defendant refused to pay this amount, plaintiff, in April 1989, filed a claim against defendant for breach of contract. Defendant then counterclaimed for declaratory relief, alleging misrepresentation.

A bench trial was then conducted. On July 9, 1990, the trial court issued its opinion, finding that six drivers whose deposition testimony was presented at trial were independent contractors and not employees of defendant under the Workers' Disability Compensation Act:

> As to the request for declaratory relief, this Court cannot enter a declaratory judgment that none of defendant's open lease drivers are employees under the Workers' Compensation Act. Each driver's relationship is dependent upon its own facts. This Court holds only that those drivers who testified were independent contractors and not employees.

The trial court thus held:

> For the foregoing reasons, this Court finds no cause of action for breach of contract. Judgment on this claim shall be entered in favor of defendant, TIME AUTO TRANSPORTATION, INC. Likewise, this Court finds no cause of action for misrepresentation on the counter-claim. Judgment on this claim shall be entered in favor of plaintiff and counter-defendant, AMERISURE INSURANCE COMPANIES. Judgment for defendant and counter-plaintiff, TIME AUTO TRANSPORTATION, INC., is granted in part on the counterclaim for declaratory relief.

Plaintiff first argues that the Bureau of Workers' Disability Compensation has exclusive jurisdiction to determine whether an individual is an employee or an independent contractor under the Workers' Disability Compensation Act and that the trial court was therefore prohibited from making such a determination with regard to the six drivers. We disagree.

In *Sewell v Clearing Machine Corp,* 419 Mich 56, 62; 347 NW2d 447 (1984), our Supreme Court held:

> Properly stated, the *Szydlowski* [*Szydlowski v General Motors Corp,* 397 Mich 356; 245 NW2d 26 (1976)] principle is that the bureau has exclusive jurisdiction to decide whether injuries suffered by an employee were in the course of employment. The courts, however, retain the power to decide the more fundamental issue whether the plaintiff is an employee (or fellow employee) of the defendant.

In applying *Sewell* to this case, we believe that the trial court had jurisdiction to determine if the six drivers were employees. Plaintiff filed an action for breach of contract against defendant, alleging that defendant owed plaintiff additional premiums. In order to determine whether defendant breached the contract, the trial court had to determine whether the six drivers were independent contractors or employees of defendant. The trial court, ruling in favor of the defendant, held that the six drivers were independent contractors and not em- ployees. Thus, in accordance with *Sewell,* the trial court had the jurisdiction to decide this "fundamental" issue.

Plaintiff next claims that the trial court erred in its interpretation of MCL 418.161(1)(d); MSA 17.237(161)(1)(d). We disagree.

In deciding that the six truck drivers were not employees of defendant and that defendant was not responsible for additional insurance premiums, the trial court went through the various factors of the economic reality test. This test is utilized to determine whether an individual is an employee for purposes of the workers' compensation act. The trial court, however, also addressed MCL 418.161(1)(d); MSA 17.237(161)(1)(d). Section 161(1)(d) was added in 1985, long after the development of the economic reality test and provides a definition of an employee. In determining whether an individual is an employee under the Workers' Disability Compensation Act, we believe that § 161(1)(d) is to be construed in conjunction with the economic reality test.

Section 161(1)(d) provides:

> (1) As used in this act, "employee" means:
>
> * * *
>
> (d) Every person performing service in the course of the trade, business, profession, or occupation of an employer at the time of the injury, provided the person in relation to this service does *not* maintain a separate business, does *not* hold himself or herself out to and render service to the public, and is *not* an employer subject to this act. [Emphasis added.]

Our research has found that no published case has interpreted this section. Plaintiff argues that the correct interpretation of § 161(1)(d) is that a person is an employee if he performs a service in the course of business of an employer, *unless* (1) the person maintains a separate business, (2) holds himself out to and renders service to the public, and (3) is an employer subject to the act. Plaintiff has disregarded the use of the word "not." Thus, under plaintiff's interpretation, all three provi-

sions must be satisfied for an individual to be an independent contractor and not an employee. Plaintiff argues that, because the evidence does not satisfy all three provisions, the six drivers were employees of defendant and defendant must therefore pay the additional premium.

The trial court, however, interpreted § 161(1)(d) to mean that each provision must be satisfied for an individual to be an employee. The trial court then found that the evidence indicated that six of the drivers maintained a separate business and thus were independent contractors and not employees.

We believe that the trial court's interpretation is correct. The Legislature is presumed to have intended the meaning it plainly expressed. *Frasier v Model Coverall Service, Inc,* 182 Mich App 741, 744; 453 NW2d 301 (1990). If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted. *Id.* The plain and ordinary meaning of the language of the statute involved in this case is clear. The latter portion of the statute is drafted in the negative, employing the word "not" before each provision: "provided the person in relation to this service does *not* maintain a separate business, does *not* hold himself or herself out to and render service to the public, and is *not* an employer subject to this act." By so employing the word "not," the Legislature intended that once one of these three provisions occurs, the individual is not an employee. Thus, each provision must be satisfied for an individual to be an employee. If the Legislature had intended otherwise, it would have drafted the statute as plaintiff suggests.

Plaintiff next argues that the trial court erred in finding that the six drivers were independent con-

tractors and not employees under § 161(1)(d) and the economic reality test. We disagree.

The economic reality test involves four basic factors: (1) control of the worker's duties; (2) payment of wages; (3) the right to hire, fire, and discipline; and (4) performance of the duties toward the accomplishment of a common goal. *Williams v Cleveland Cliffs Iron Co,* 190 Mich App 624, 627; 476 NW2d 414 (1991). In applying these four factors, the totality of the circumstances surrounding the performed work must be examined, with no single factor controlling. *Tucker v Newaygo Co,* 189 Mich App 637, 639-640; 473 NW2d 706 (1991).

Upon reviewing the entire record, we believe that the trial court's finding under § 161(1)(d) and the economic reality test that the six drivers were independent drivers and not employees is supported by the record. These drivers owned or leased all their equipment, paid their own overhead expenses, refused loads, and set their own hours. Additionally, five of the six drivers testified that they could carry loads for others while under contract with defendant. According to the testimony of James Fern, the president and sole shareholder of defendant, independent drivers were not given vacation pay or bonuses. Fern also testified that these drivers leased or owned their own equipment, paid their own expenses, chose their own hours, took off whatever time they wanted, and were not required to wear uniforms as were company drivers.

Affirmed.