SAAD, J.
Plaintiff, Independent Bank, appeals by delayed leave granted, the trial court’s order that granted summary disposition to defendant James D. Lee Revocable Living Trust. For the reasons set forth in this opinion, we reverse and remand for further proceedings consistent with this opinion.
I. FACTS AND PROCEEDINGS
This case arises out of a commercial loan issued by Independent Bank to defendant Hammel Associates, LLC, for $199,547.87 on March 16, 2009. Defendant Norbert Boes and attorney David Wood, as attorney-in-fact for James D. Lee, signed a promissory note for the loan. On the promissory note, Boes and Lee were identified as members/managers of Hammel Associates. On the same date, Boes, Lee, and the James D. Lee Revocable Living Trust signed commercial guaranty documents in which each “absolutely and unconditionally guarantees full and punctual payment and satisfaction of the Indebtedness of Borrower to Lender, and the performance and discharge of all Borrower’s obligations under the Note and the Related Documents.” Again, Wood signed the guaranty on Lee’s behalf, and also on behalf of Lee’s trust.
Hammel defaulted on the loan on an unspecified date, and Lee died on May 25, 2009. On May 31, 2009, the Livingston County Daily Press and Argus published a notice to creditors drafted by Wood. The notice stated that Lee had died and that “[t]here is no probate estate.” It further notified creditors that all claims against the trust should present claims to Wood as “[t]rustee.” On June 1, 2009, Wood sent a “Notice to Known Creditors” to a vice president of Independent *506 Bank in Troy. The notice contained the loan number for the commercial loan guaranteed by Lee and the trust and stated that Wood had attached the notice published in the Livingston County Daily Press and Argus. The notice to known creditors identified Wood as “Successor Trustee.” On August 11, 2009, Wood sent a substantially similar notice to known creditors to senior vice president and general counsel Mark L. Collins at Independent Bank in Ionia.
On August 18, 2009, Collins submitted a “Statement and Proof of Claim.” The document identified the deceased as James Davis Lee and, under “Description of Claim,” the document referred to “obligation pursuant to commercial guaranties of James D. Lee and James D. Lee Revocable Living Trust, as amended and restated November 20, 1997; both guaranties dated March 16, 2009 with respect to the indebtedness of Hammel Associates LLC to Independent Bank in connection with Loan No. 4345004283-1087[.]” (Some capitalization changed for consistency.) The statement further indicated that the amount due on the claim as of August 18, 2009, was $199,603.30.
On January 15, 2009, Wood mailed to Independent Bank a “Notice of Disallowance of Claim.” The top of the page of the notice referred only to the “Estate of James Davis Lee, Deceased” and, importantly, did not identify or otherwise indicate that the disallowance was by or from the James D. Lee Revocable Living Trust. (Emphasis added.) The disallowance stated that Independent Bank’s statement of claim was disallowed “in whole.”
On September 1, 2010, Independent Bank filed a complaint against Hammel, Boes, the estate of James D. Lee, and the James D. Lee Revocable Living Trust, seeking to collect the commercial debt secured by the *507 promissory note and commercial guaranties. On October 12, 2010, the estate and trust filed a motion for summary disposition pursuant to MCR 2.116(C)(7) and argued that Independent Bank’s claims against the estate and trust are barred by the statute of limitations. Defendants asserted that no estate exists and that Wood sent a notice of disallowance of claim for the trust, not the estate, on January 15, 2010. Because Independent Bank failed to file its complaint within 63 days after the disallowance was mailed or delivered, the trust argued that the claim was untimely pursuant to MCL 700.7611(a).
In response, Independent Bank acknowledged that it “has been advised” that no probate estate was opened for Lee and that its claim against the estate should be dismissed without prejudice on the ground that it was not ripe for review, though an estate could be opened at some time in the future. However, Independent Bank further argued that its statement and proof of claim preserved claims against both the estate and trust but, importantly in its opinion, the notice of disallowance of claim sent by Wood cited only the estate and “[n]owhere on the Notice of Disallowance of Claim is the Lee Trust cited.” (Emphasis omitted.) Because the trust had failed to file a disallowance as to the trust, Independent Bank argued that the period of limitations had not run on its claim against the trust.[1]
*508 At the hearing on the motions, the trial court ruled from the bench that Independent Bank had acknowledged that no estate was opened and, regardless of whether there was “a conflict in the identification in the forms,” Independent Bank was nonetheless obligated to file a claim against the trust within 63 days. Accordingly, the court granted summary disposition to the trust and dismissed the claims against the estate.
II. DISCUSSION
Independent Bank argues that the trial court erred by granting summary disposition to the trust because the disallowance of claim indicated that it pertained to the estate only and Independent Bank’s complaint against the trust was, therefore, not barred by the statute of limitations.
The trial court stated that it decided to grant the trust’s motion pursuant to MCR 2.116(C)(7), (8) and (10). However, because the trial court ruled that Independent Bank’s claim was untimely, and because the court relied on documents outside the pleadings, it appears that the court granted summary disposition pursuant to MCR 2.116(C)(7). As this Court explained in Hoffman v Boonsiri, 290 Mich App 34, 39; 801 NW2d 385 (2010):
This Court reviews de novo a trial court’s decision on a motion for summary disposition under MCR 2.116(C)(7) (claim is barred by statute of limitations). DiPonio Constr Co, Inc v Rosati Masonry Co, Inc, 246 Mich App 43, 46-47; 631 NW2d 59 (2001). When reviewing a motion for summary disposition under MCR 2.116(C)(7), the trial court must accept the nonmoving party’s well-pleaded allegations as true and construe the allegations in the nonmo-vant’s favor to determine whether any factual development could provide a basis for recovery.
*509 This case also involves the interpretation and application of various statutes. We also review these issues de novo. Id.
The goal in interpreting a statute is to ascertain the Legislature’s intent. Shinholster v Annapolis Hosp, 471 Mich 540, 548-549; 685 NW2d 275 (2004). The first step in doing so is looking to the language used. Id. at 549. Effect must be given to each word, reading provisions as a whole, and in the context of the entire statute. Green v Ziegelman, 282 Mich App 292, 301-302; 767 NW2d 660 (2009). If the language is clear and unambiguous, the statute must be applied as written. Id. at 302. [Hopkins v Duncan Twp, 294 Mich App 401, 410; 812 NW2d 27 (2011).]
The Estates and Protected Individuals Code (EPIC) applies to this case. EPIC became effective April 1, 2000, and it applies to a “governing instrument executed by a decedent dying after that date.” MCL 700.8101(1) and (2)(a). Provisions of the Michigan Trust Code (MTC), MCL 700.7101 through 700.7913, became effective on April 1, 2010, and are contained in amendments of and additions to article VII of EPIC. MCL 700.8204. The MTC applies to trusts created before its enactment, but does not impair accrued rights or affect an act done before its effective date. MCL 700.8206(l)(a) and (2). The parties agree that the statutory provisions at issue are substantively the same in EPIC and the MTC, and we agree.
In both the former EPIC provision, MCL 700.7504, as enacted by 1998 PA 386, and the MTC, MCL 700.7608, if there is no estate, a trustee must nonetheless comply with the publication and notice requirements that apply to estates under MCL 700.3801. The parties agree that Wood complied with these obligations. Independent Bank also properly complied with statutory requirements that it submit a statement and proof of claim. The statement shows that Independent *510 Bank was seeking to preserve any rights to payment from both the estate, which is the successor to Lee, and the trust because both Lee and his trust entered into the guaranty agreements.
At the heart of this dispute is the following question— was the disallowance of claim Wood sent in response to Independent Bank’s statement and proof of claim a disal-lowance by the trust? For a claim to be properly disallowed by the trust, Wood had to comply with former MCL 700.7507(a), as amended by 2000 PA 54, which was identical to MTC provision MCL 700.7611(a), both of which provide:
The trustee may deliver or mail a notice to the claimant stating that the claim has been disallowed in whole or in part. If, after allowing or disallowing a claim, the trustee changes a decision concerning the claim, the trustee shall notify the claimant. The trustee shall not change a decision disallowing a claim if the time for the claimant to commence a proceeding for allowance expires or if the time to commence a proceeding on the claim expires and the claim has been barred. A claim that is disallowed in whole or in part by the trustee is barred to the extent not allowed unless the claimant commences a proceeding against the trustee not later than 63 days after the mailing of the notice of disallowance or partial allowance if the notice warns the claimant of the impending bar. Failure by the trustee to deliver or mail to a claimant notice of action on the claim within 63 days after the time for the claim’s presentation has expired constitutes a notice of allowance.
As Independent Bank points out, the procedure for disallowing a claim against a trust is the same as the procedure for disallowing a claim against an estate. See MCL 700.3806(1).
As discussed, Independent Bank argues that the disallowance sent by Wood only identified Lee’s estate and never indicated that the trust was disallowing the *511 claim. The trust takes the position that Independent Bank knew or should have known that no estate had been opened and that, therefore, the disallowance had to be on behalf of the trust. The trial court agreed with the trust and, despite what the court characterized as “a conflict in the identification in the forms,” the court ruled that the trust properly disallowed the claim and Independent Bank’s complaint was time-barred because it failed to file the complaint within 63 days after Wood sent the disallowance. We hold that that trial court’s ruling was erroneous.
We reject the trial court’s reasoning that Independent Bank should have known that Wood intended to disallow the claim as to the trust and that this was sufficient to trigger the 63-day filing deadline. While the publication of the notice of Lee’s death stated that “[t]here is no probate estate” and the notice to known creditors identified Wood as “Successor Trustee,” the publication was made almost immediately after Lee’s death and the notices were sent shortly thereafter. It would not be unusual for an estate to be opened in the weeks or months following a person’s death. Publication here occurred on May 31, 2009, the notices were sent in June and August 2009, and the disallowance was sent five or six months later. In one document, the statement and proof of claim, Independent Bank specifically preserved its right to file claims against both the estate and the trust, which is permitted under MCL 700.7609(2) and, again, it is not inconceivable that, in the time that lapsed between the initial notices and disallowance, an estate could have been opened. Indeed, when it is discovered that certain property was mistakenly omitted from a trust, probate may be necessary even long after the decedent passed away. Moreover, by operation of law the estate is the successor to Lee, Lee obligated himself to secure the loan by personally *512 entering into the guaranty, and it is logical and prudent that Independent Bank acted to preserve all claims that might be available to it.
Another flaw in the contention that Independent Bank should have known that Wood was acting only as a trustee is that Wood represented both Lee personally as well as Lee’s revocable living trust and, thus, would likely have represented both the trust and estate, had one been opened, following Lee’s death. Thus, that Wood signed and sent the disallowance would not place Independent Bank on notice of the intentions of the trust when the disallowance itself does not identify Wood as a trustee or fiduciary—again, it only refers to Lee’s estate. Further, as Independent Bank argues, disallowances by a trust and by an estate are distinct under our statutes. While MCL 700.7609(2)[2] states that a claim presented against a decedent’s estate is sufficient to also assert liability against a trust without an additional, separate presentation of claim against the trustee, EPIC and the MTC do not contain a mirror provision stating that a disallowance of claim by an estate is sufficient to disallow a claim against a trust. Our Legislature is presumed to be aware of the consequences of its use or omission of statutory language as well as its effect on new and existing laws. In re MKK, 286 Mich App 546, 556-557; 781 NW2d 132 (2009); see also Carson City Hosp v Dep’t of Community Health, 253 Mich App 444, 447-448; 656 NW2d 366 (2002) (“When the Legislature enacts laws, it is presumed to *513 know the rules of statutory construction and therefore its use or omission of language is generally presumed to be intentional.”)- Thus, a logical reading of the statutes suggests that the Legislature intended to require a separate and distinct disallowance of claim by the trust, whether or not an estate existed. The trust observes that the notice of disallowance of claim states that Independent Bank’s claim of August 18, 2009, was disallowed “in whole” and the form also indicates the “entire claim” has been disallowed and will he barred if not filed within 63 days. The form document permits the entity to disallow a claim “in whole” or “in part,” but this simply alerts creditors that the estate was disallowing the entire claim against it, not that it could legally also speak for another legal entity, the trust.
Most importantly, our holding is consistent with the plain language of the statute. As discussed, the notice of disallowance of claim refers only to Lee’s estate and makes no mention of the trust. This was clearly counsel’s error because no estate existed at the time he sent the disallowance and, indeed, no estate was ever opened. While this could be characterized as an oversight that plays to the advantage of Independent Bank, as between the parties, Independent Bank must prevail as a matter of law. And when a party seeks the strict application of a statute with a very brief limitations period in order to extinguish an otherwise lawful claim, that party should also be held to the very terms of the statute it seeks to invoke. Again, the disallowance, on its face, did not apply to the trust and did not trigger the 63-day filing deadline. Under the unambiguous language of former MCL 700.7507(a) and the new MTC provision, MCL 700.7611(a), the trust did not disallow the claim, and Independent Bank timely filed its action against the trust. Accordingly, the trial court erred by granting summary disposition to the trust.
*514 Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
CAVANAGH, EJ., and SHAPIRO, J., concurred with SAAD, J.

 Independent Bank filed a motion for summary disposition against Hammel and Boes and argued that they had failed to comply with their obligations under the promissory note and guaranty. The trial court granted summary disposition to Independent Bank and ultimately entered a judgment against Hammel and Boes for $225,446.83, plus interest. In his appeal brief, defense counsel argues that the trial court erred by granting Independent Bank’s motion for summary disposition. However, Hammel and Boes did not file a claim of cross-appeal in this case and, therefore, the arguments asserted on behalf of Hammel and Boes are not properly before the Court.

 MCL 700.7609(2) specifically states:
If a personal representative is appointed for the settlor’s estate, presentation of a claim against the settlor’s estate shall be made in the manner described in [MCL 700.3804], and such a presentation is sufficient to assert liability against a trust described in [MCL 700.7605(1)] without an additional presentation of the claim against the trustee.