AUTO-OWNERS INSURANCE COMPANY v ALL STAR
LAWN SPECIALISTS PLUS, INC

Docket No. 307711. Submitted to special panel September 5, 2013, at
    Lansing. Decided December 3, 2013, at 9:00 a.m. Leave to appeal
    sought.

   Joseph M. Derry initially brought an action in the Macomb Circuit
   Court against All Star Lawn Specialists Plus, Inc., and Jeffrey
   A. Harrison (a coowner of All Star), seeking damages for
   injuries sustained while working on a lawn maintenance crew
   operated by Harrison when a leaf vacuum machine that Derry
   was using to load leaves into a truck owned by All Star fell over,
   causing part of the machine to strike him. Derry claimed that
   Harrison had negligently failed to secure the machine to the
   truck. Derry also filed an action in the Macomb Circuit Court
   against Auto-Owners Insurance Company, seeking no-fault ben-
   efits under a commercial automobile insurance policy issued by
   Auto-Owners to All Star that insured the truck. Auto-Owners
   then brought the present action in the Macomb Circuit Court
   against All Star, Harrison, and Derry, seeking a declaratory
   judgment to determine the parties' rights and obligations under
   the automobile policy and two other policies issued by Auto-
   Owners to All Star, a commercial general liability policy and a
   workers' compensation policy. The court, John C. Foster, J.,
   denied Auto-Owners' motion for summary disposition and
   granted summary disposition in favor of Derry, holding that
   Derry was an independent contractor at the time of his injury
   and that he was not an employee within the meaning of any of
   the insurance contracts. The court held that Derry was not
   entitled to coverage under the Worker's Disability Compensa-
   tion Act (WDCA), MCL 418.101 *et seq.*, and, therefore, not
   entitled to coverage under the workers' compensation policy,
   that the general liability policy provided coverage for Derry's
   negligence claim against All Star and Harrison, and that the
   automobile policy provided coverage for Derry's claim against Auto-
   Owners for no-fault benefits. Auto-Owners appealed. The Court of
   Appeals, JANSEN, P.J., and SAWYER and SERVITTO, JJ., affirmed in part,
   reversed in part, and remanded the case to the circuit court, conclud-
   ing that when determining employee status under the WDCA for
   purposes of this case, MCL 418.161(1)(*l*) and (n) had to be read

together as separate and necessary qualifications. Because Derry was an employee within the meaning of subdivision (*l*), it was necessary to determine whether he was also an employee under subdivision (n), which sets forth three criteria for determining whether a person performing services for an employer qualifies as an independent contractor rather than an employee. *Amerisure Ins Cos v Time Auto Transp, Inc*, 196 Mich App 569 (1992), held that if a person meets any of the three statutory criteria in MCL 418.161(1)(n), that person is an independent contractor and not an employee. The panel was required under MCR 7.215(J) to follow *Amerisure*. Had it not been obligated to do so, the panel would have reached a different interpretation of the statute and held that all three criteria must be met in order to determine that a person is an independent contractor. 301 Mich App 515 (2013). The Court of Appeals convened a special panel to resolve the conflict between this case and *Amerisure* and vacated part I, the second paragraph of part II, and the second paragraph of part III of its prior opinion in this case. 301 Mich App 801 (2013).

After consideration by the special panel, the Court of Appeals *held*:

1. MCL 418.161(1)(n) defines "employee" in relevant part as every person performing service in the course of the trade, business, profession, or occupation of an employer at the time of the injury if the person in relation to this service does not maintain a separate business, does not hold himself or herself out to and render service to the public, and is not an employer subject to the WDCA. In in its interpretation of the statute, *Amerisure* ignored the Legislature's use of the word "and," which indicated the legislative intent that all three criteria must be satisfied for the exception to the definition of "employee" in subdivision (n) to apply. *Amerisure* was overruled.

2. The trial court erred by entering summary disposition for Derry. There was no dispute that Derry was an employee as defined by MCL 418.161(1)(*l*). All three criteria in MCL 418.161(1)(n) must be met, however, before an individual is divested of employee status. Because Derry met only two of the three criteria, he remained an employee at the time of his injury, and his exclusive remedy was under the WDCA. Accordingly, only the workers' compensation policy provided coverage. The general liability and automobile policies included workers' compensation exclusions, and Auto-Owners had no obligation to provide coverage under those policies.

Reversed.

BORRELLO, J., dissenting, would have concluded that a person who does not meet the three criteria set forth in MCL 418.161(1)(n) cannot be considered an employee for purposes of the WDCA rather than concluding, as the majority did, that the criteria must be satisfied in order for a person to be divested of his or her employee status and therefore considered an independent contractor. The WDCA does not refer to "independent contractors," nor does it have a divesting provision. Reading MCL 418.161(1)(*l*) and (n) together indicated that a person is an employee under the WDCA if that person is in the service of another, under any contract of hire, and (1) does not maintain a separate business, (2) does not hold himself or herself out to render services to the public, and (3) is not an employer subject to the act. This was the correct result reached in *Amerisure*, which should not have been overruled. There was no dispute that Derry was in the service of All Star and under a contract of hire; at the same time, however, he maintained a separate business and held himself out to render services to the public. The inquiry should have ended there. Because Derry could not satisfy all three criteria under MCL 418.161(1)(n), he could not claim employee status under the act, and the trial court's holding that Derry was not an employee should have been affirmed.

WORKERS' COMPENSATION — EMPLOYEE STATUS — INDEPENDENT CONTRACTOR STATUS.

Benefits under the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.*, constitute an employee's exclusive remedy against his or her employer for a personal injury or occupational disease; MCL 418.161(1)(*l*) defines "employee" in relevant part as every person in the service of another, under any contract of hire, express or implied; MCL 418.161(1)(n) defines "employee" in relevant part as every person performing service in the course of the trade, business, profession, or occupation of an employer at the time of the injury if the person in relation to this service does not maintain a separate business, does not hold himself or herself out to and render service to the public, and is not an employer subject to the WDCA; all three criteria in MCL 418.161(1)(n) must be met before an individual who has employee status under MCL 418.161(1)(*l*) is divested of that status.

*Kallas & Henk PC* (by *Constantine N. Kallas* and *Michele L. Riker-Semon*), for Auto-Owners Insurance Company.

*Mark Granzotto, P.C.* (by *Mark Granzotto*), and *Thomas, Garvey, Garvey & Sciotti* (by *Daniel P. Beck*), for Joseph M. Derry.

Before: K. F. KELLY, P.J., and CAVANAGH, O'CONNELL, FORT HOOD, BORRELLO, STEPHENS, and M. J. KELLY, JJ.

K. F. KELLY, P.J. Pursuant to MCR 7.215(J), this Court convened a special panel to resolve the conflict between the prior opinion in this case, *Auto-Owners Ins Co v All Star Lawn Specialists Plus, Inc*, 301 Mich App 515; 838 NW2d 166 (2013), vacated in part by *Auto-Owners Ins Co v All Star Lawn Specialists Plus, Inc*, 301 Mich App 801 (2013), and *Amerisure Ins Cos v Time Auto Transp, Inc*, 196 Mich App 569; 493 NW2d 482 (1992).[1] The issue that we must decide concerns the interpretation of § 161(1) of the Worker's Disability Compensation Act (WDCA),[2] MCL 418.161(1), which specifically defines who is an "employee" under the WDCA. We agree with the analysis of the prior opinion in this case and now overrule *Amerisure*, which held that if any one of the three statutory criteria in MCL 418.161(1)(n) are met, the person is an "independent contractor" and not an "employee." *Amerisure*, 196 Mich App at 574.[3] We instead adopt the reasoning in the prior opinion in this case and conclude that all three of the criteria in MCL 418.161(1)(n) must be met before an individual is divested of employee status. Because he met only two of the three criteria, we conclude that

---

[1] Specifically, we ordered "that the following portions of the opinion in this case released on July 9, 2013, are vacated: (I) Section I in its entirety, (2) Section II, paragraph 2, and (3) Section III, paragraph 2." *Auto-Owners*, 301 Mich App at 801.

[2] MCL 418.101 *et seq.*

[3] At the time *Amerisure* was decided, the applicable provision was codified as MCL 418.161(d), as amended by 1985 PA 103.

defendant Joseph M. Derry enjoyed the status of an employee rather than that of an independent contractor at the time he was injured performing work for defendant All Star Lawn Specialists Plus, Inc. As such, Derry's exclusive remedy for injuries he sustained while working for All Star was under the WDCA. Accordingly, of the three insurance policies issued by plaintiff Auto-Owners Insurance Company—workers' compensation, commercial general liability, and commercial automobile—only the workers' compensation policy provided coverage. Auto-Owners had no obligation to provide coverage under the remaining two policies because each contained exclusions for workers' compensation claims. Therefore, we reverse the trial court's order granting summary disposition in favor of Derry.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In a declaratory judgment action arising under the WDCA, Auto-Owners appealed as of right an order denying its motion for summary disposition and granting summary disposition in favor of Derry. Our Court provided the relevant background information in its previous opinion:

> This case arose after Derry was injured while working on a lawn crew of defendant All Star Lawn Specialists Plus, Inc. (All Star). At the time of his injury, Derry was performing a "fall cleanup" at an apartment complex and was using a leaf vacuum machine to suck up leaves into a truck. He sustained injuries after the leaf vacuum machine tipped over, causing its boom to strike him. It is undisputed that at the time of the incident, the mechanism attaching the leaf vacuum machine to the truck was unlatched or unlocked, and that if the latch had been "locked down," the machine would not have tipped over.
>
> Derry filed a personal injury action against All Star and Jeffrey Harrison, who coowned and worked for All Star,

claiming that Harrison negligently failed to lock the leaf vacuum machine to the truck, which caused the machine to tip over and strike him. Derry also filed an action against Auto-Owners, who insured All Star under a commercial automobile insurance policy, seeking no-fault insurance benefits for his injuries. Thereafter, Auto-Owners, who also insured All Star under commercial general liability and workers' compensation insurance policies filed this cause of action to determine the parties' right to insurance coverage under the various insurance policies, which was largely dependent on Derry's status as an employee or independent contractor at the time of his accidental injury.

Auto-Owners subsequently moved for summary disposition under MCR 2.116(C)(10), arguing that, as a matter of law, Derry was an "employee" of All Star at the time of his injuries as defined under § 161(1) of the Worker's Disability Compensation Act (WDCA), MCL 418.161(1), and thus, the Auto-Owners workers' compensation insurance policy was the appropriate policy to provide coverage for Derry's injuries. Derry argued that he was not an employee of All Star at the time of the injuries, but was an "independent contractor," and, thus, the workers' compensation policy did not apply to provide coverage for his injuries. Derry argued instead that the general liability insurance policy provides coverage for his negligence claim against All Star and the commercial automobile policy provides coverage for his claim for personal injury protection benefits under Michigan's no-fault vehicle insurance act. The trial court, in denying Auto-Owners' motion for summary disposition and granting summary disposition in favor of Derry, held that Derry was not an employee under the workers' compensation act, MCL 418.161(1), or within the meaning of any of the insurance contracts. The court then concluded that (1) Derry was not entitled to coverage under the workers' compensation act, and thus, was not entitled to recover under Auto-Owners' workers' compensation insurance policy, (2) Auto-Owners' general liability insurance policy provided coverage for Derry's negligence claim against All Star and Harrison, and (3) Auto-Owners' commercial automobile insurance policy provided coverage for

Derry's claim for no-fault benefits. This appeal by Auto-Owners ensued. [*Auto-Owners*, 301 Mich App at 520-522.]

We affirmed the trial court's finding that Derry was not an employee in part because of our obligation to defer to the holding in *Amerisure*. We stated that, were it not for the constraints of MCR 7.215(J), we would have held that all three of the criteria in MCL 418.161(1)(n) had to be satisfied for a person otherwise fitting the definition of "employee" to be removed from that status because he or she is an independent contractor.

## II. ANALYSIS

### A. THE STATUTE

Derry's status as employee for purposes of the WDCA is critical because if he qualifies as an "employee" under the WDCA, he is entitled to compensation thereunder, but also as limited by it. MCL 418.131(1) (stating that except when an intentional tort is involved, benefits provided by the act constitute an employee's "exclusive remedy against the employer for a personal injury or occupational disease").

MCL 418.161(1) defines "employee," in relevant part, as:

> (*l*) Every person in the service of another, under any contract of hire, express or implied . . . .

> \* \* \*

> (n) Every person performing service in the course of the trade, business, profession, or occupation of an employer at the time of the injury, if the person in relation to this service does not maintain a separate business, does not hold himself or herself out to and render service to the public, and is not an employer subject to this act.

There is no dispute that Derry was an "employee" as defined by MCL 418.161(1)(*l*). However, MCL 418.161(1)(*l*) and (n) "must be read together as separate and necessary qualifications in establishing employee status." *Hoste v Shanty Creek Mgt, Inc*, 459 Mich 561, 573; 592 NW2d 360 (1999). Thus, the mere fact that Derry qualifies as an employee under subdivision (*l*) does not end the inquiry. At issue is whether all three of the statutory criteria in subdivision (n)—that an individual "does not maintain a separate business, does not hold himself or herself out to and render service to the public, and is not an employer subject to this act"—must be shown for an individual to lose the employee classification (as the panel in *Auto-Owners* would have concluded) or whether just one of any of the three criteria will suffice (as the panel in *Amerisure* concluded).

### B. THE *AMERISURE* CASE

In *Amerisure*, the defendant had a workers' compensation policy through the plaintiff insurer. Following an audit, the insurer determined that the defendant had not paid premiums for a number of its workers. The defendant argued that those workers were not "employees," but were "independent contractors." *Amerisure*, 196 Mich App at 570-571. On appeal of the trial court's finding that six of the individuals were not employees, the insurer argued that "that the correct interpretation of § 161(1)(d)[4] is that a person is an employee if he performs a service in the course of business of an employer, *unless* (1) the person maintains a separate business, (2) holds himself out to and renders service to the public, and (3) is an employer subject to the act" and, therefore, all three of the criteria must be met for

---

[4] Now § 161(1)(n).

an individual to be considered an independent contractor. *Id.* at 573. This Court rejected the insurer's approach because "[p]laintiff has disregarded the use of the word 'not.' " *Id.* The Court explained:

> The plain and ordinary meaning of the language of the statute involved in this case is clear. The latter portion of the statute is drafted in the negative, employing the word "not" before each provision: "provided the person in relation to this service does *not* maintain a separate business, does *not* hold himself or herself out to and render service to the public, and is *not* an employer subject to this act." By so employing the word "not," the Legislature intended that once one of these three provisions occurs, the individual is not an employee. Thus, each provision must be satisfied for an individual to be an employee. If the Legislature had intended otherwise, it would have drafted the statute as plaintiff suggests. [*Id.* at 574.]

The panel's interpretation of the statute and its consideration of the economic-reality test resulted in a conclusion that the six individuals were independent contractors for whom the defendant owed no workers' compensation premiums. *Id.* at 574-575.

### C. THE *AUTO-OWNERS* CASE

As previously stated, the trial court in the underlying case concluded that Derry was an independent contractor. Although Derry was an "employee" as defined in MCL 418.161(1)(*l*), he did not meet the statutory criteria for being an "employee" under subsection (1)(n). The panel recognized that it was bound by *Amerisure*, but disagreed with *Amerisure*'s interpretation of the statute:

> While the wording of the statute in the negative does render it more difficult to properly read, we nonetheless conclude that the *Amerisure* Court focused on the wrong word in analyzing the statute. Instead of focusing on the

word "not," the panel should have focused on the word "and." That is, the *Amerisure* Court erroneously concluded that a person is not an employee if any of the three criteria are met. But that overlooks the Legislature's use of the word "and" in linking the three criteria and the purpose behind the provision in the first place. The Legislature was endeavoring to define the difference between an "employee" (who is covered under the act) and an "independent contractor" (who is not covered under the act). So the Legislature wrote a definition of "employee" in the negative, saying essentially that an "employee" is a person who, with respect to the service provided to the employer, is not an independent contractor. It then lists the three criteria to determine if a person is an independent contractor, all of which must be met (hence the use of the word "and" in the listing). [*Auto-Owners*, 301 Mich App at 527.]

The panel examined the plurality opinion in *Reed v Yackell*, 473 Mich 520; 703 NW2d 1 (2005), for guidance on the interpretation of the statute:

> ... Chief Justice TAYLOR restates the statute in the positive, avoiding the cumbersome negative definition: "[Section] 161(1)(n) provides that every person performing a service in the course of an employer's trade, business, profession, or occupation is an employee of that employer. However, the statute continues by excluding from this group any such person who: (1) maintains his or her own business in relation to the service he or she provides the employer, (2) holds himself or herself out to the public to render the same service that he or she performed for the employer, and (3) is himself or herself an employer subject to the WDCA." *Reed*, 473 Mich at 535 (opinion by TAYLOR, C.J.). Thus, the plurality opinion in Reed suggests that all three conditions must be met in order for the person not to be an employee. [*Auto-Owners*, 301 Mich App at 527-528.]

In addition to this insight from the Supreme Court, the prior panel believed that such an interpretation was more in keeping with the legislative intent of the WDCA, which was

(1) to make it clear that a person employing an independent contractor does not have to provide workers' compensation coverage to that independent contractor, (2) to provide a definition that distinguishes between an employee and an independent contractor so that, either by accident or subterfuge, a person who should be covered as an employee under the act is not classified as an independent contractor and escapes coverage, and (3) to make it clear that a person can be an employee of one employer, while maintaining their own side business as an independent contractor. [*Id.* at 529.]

The panel identified situations in which an individual would lose his or her employee classification for merely picking up additional work, such as a music teacher who teaches private lessons or a secretary who offers typing services during off hours. The panel rejected the idea that these individuals should lose their protection under the WDCA merely because they held their services out to the public. *Id.* at 529-530.

Turning to the case before it, the panel concluded that Derry qualified as an independent contractor at the time of his injury because he held himself out to the public as someone who performed lawn maintenance and snow removal. *Id.* at 531-534. However, the panel also noted its dissatisfaction with that result:

But, again, we reiterate that we only reach this conclusion because we are obligated to follow the erroneous *Amerisure* opinion. MCR 7.215(J). Were we free to do so, we would hold that § 161(1)(n) requires that, for a person to be classified as an independent contractor rather than an employee, all three of the factors listed in the statute must be met, rather than just one. And, while Derry does meet at least one of the factors, holding his service out to the public, he also fails to meet at least one of the factors, [in that] he is not an employer under the [workers'] compensation act. Therefore, while we are constrained to conclude that Derry is an independent contractor under the *Ameri-*

*sure* interpretation, if we were free to apply our own interpretation of the statute, we would conclude that Derry is an employee of All Star because all three requirements under the statute to be considered an independent contractor were not met. [*Id.* at 534.]

### D. RESOLVING THE CONFLICT

After thoroughly reviewing the statute and both cases, we conclude that *Amerisure* was wrongly decided and that the principles of statutory construction were inappropriately applied.

"Statutory interpretation is a question of law that is considered de novo on appeal." *Thompson v Thompson*, 261 Mich App 353, 358; 683 NW2d 250 (2004). "When construing a statute, we consider the statute's plain language and we enforce clear and unambiguous language as written." *In re Bradley Estate*, 494 Mich 367, 377; 835 NW2d 545 (2013). "If the language is clear and unambiguous, the statute must be enforced as written without judicial construction." *Petipren v Jaskowski*, 494 Mich 190, 201-202; 833 NW2d 247 (2013).

In concluding that MCL 418.161(1)(n) sets forth three separate, self-sufficient bases for regarding a person as an independent contractor, the *Amerisure* Court noted that the applicable subdivision first elaborated on the definition of "employee," then set forth opposing language consisting of three provisions, each introduced with the word "not" ("does not maintain a separate business, does not hold himself or herself out to and render service to the public, and is not an employer"), and concluded that this indicated the legislative intention "that once one of these three provisions occurs, the individual is not an employee." *Amerisure*, 196 Mich App at 574. In so doing, the *Amerisure* Court ignored the Legislature's use of the word "and."

The Legislature is presumed to know the rules of grammar. *Greater Bethesda Healing Springs Ministry v Evangel Builders & Constr Managers, LLC*, 282 Mich App 410, 414; 766 NW2d 874 (2009). "When given its plain and ordinary meaning, the word 'and' between two phrases requires that both conditions be met." *Amerisure Ins Co v Plumb*, 282 Mich App 417, 428; 766 NW2d 878 (2009). "And" is a conjunction, meaning "with," "as well as," or "in addition to." *Id*. In contrast, " 'or' is a disjunctive term indicating a choice between alternatives . . . ." *Titan Ins Co v State Farm Mut Auto Ins Co*, 296 Mich App 75, 85; 817 NW2d 621 (2012). Although this distinction is often overlooked, including in statutes, it should be observed when doing so does not "render the statute dubious." *Id*. at 85-86.

In this case, treating the use of "and" in MCL 418.161(1)(n) as linking the three criteria for identifying independent contractors does not render the statute dubious. But reading the statute as if the Legislature had used "or" instead of "and," which seems to be the approach that *Amerisure* took, produces results that might fairly be so described. If only one of the three criteria has to be met to yield an independent contractor, then that status would apply to a full-time secretary who advertised to the public, and in fact performed, freelance typing outside that full-time employment. Likewise, it would apply to a school music teacher who supplements his or her income by advertising and providing music lessons on the side. Those situations present an employee in a given line of work maintaining a side business offering and performing similar work, but operating alone in that capacity, not as an employer of others. Only by adding the status of "employer" to an employee who maintains a side business in the same line of work did the Legislature avoid the "dubious" result whereby a bit of moonlighting causes an em-

ployee to lose the protections, and avoid the limitations, of the WDCA in connection with his or her regular employment. The prior panel in *Auto-Owners* properly emphasized that the three provisions are connected with the word "and," indicating the legislative intention that all three be satisfied for that exception to the definition of "employee" to apply.

Therefore, we now hold that all three of the statutory criteria in MCL 418.161(1)(n) must be met before an individual is divested of "employee" status. Because Derry met only two of the three criteria, we conclude that he remained an employee at the time of his injury and that his exclusive remedy was under the WDCA. Accordingly, only the workers' compensation policy provides coverage. The commercial general liability and commercial automobile policies included workers' compensation exclusions, and Auto-Owners had no obligation to provide coverage under those policies. The trial court erred by entering summary disposition for Derry.

Reversed.

CAVANAGH, O'CONNELL, STEPHENS, JJ., concurred with K. F. KELLY, P.J.

BORRELLO, J. (*dissenting*). My colleagues in the majority have aptly stated the facts and procedural history in this case; thus they need not be repeated here. As the majority correctly states, the issue presented to this conflict panel is whether under the Michigan Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.*, defendant Joseph M. Derry was an "employee" of defendant All Star Lawn Specialists Plus, Inc., at the time he was injured. Resolution of this issue turns on the interpretation and application of MCL 418.161(1), a provision of the WDCA that defines when an individual

should be considered an employee under the act. Contrary to the majority's reading of § 161(1), I would conclude that a person who does not meet all three of the criteria set forth in § 161(1)(n) cannot be considered an employee for purposes of the act. This contrasts with the majority's conclusion that the criteria must be satisfied in order for a person to be *"divested"* of his or her employee status and therefore considered an independent contractor. The WDCA does not refer to "independent contractors," nor does it contain a divesting provision. Therefore, I respectfully dissent.

I agree with the majority that resolution of this issue requires the interpretation and application of § 161(1) of the WDCA, which provides in relevant part as follows:

> As used in this act, "employee" means:
>
> \* \* \*
>
> (*l*) Every person in the service of another, under any contract of hire, express or implied . . . .
>
> (n) Every person performing service in the course of the trade, business, profession, or occupation of an employer at the time of the injury, if the person in relation to this service does not maintain a separate business, does not hold himself or herself out to and render service to the public, and is not an employer subject to this act. [MCL 418.161(1).]

I further agree that subdivisions (*l*) and (n) " 'must be read together as separate and necessary qualifications in establishing employee status.' " *Ante* at 295, quoting *Hoste v Shanty Creek Mgt, Inc*, 459 Mich 561, 573; 592 NW2d 360 (1999). Indeed, one of the fundamental tenets of statutory interpretation is that statutory provisions must be read together as a whole and not in isolation. See *In re Moiles*, 303 Mich App 59, 68;

840 NW2d 790 (2013). As then Justice TAYLOR explained in *Hoste*, this holds true with respect to subdivisions (*l*) and (n) of § 161(1):

> [Sections 161(1)(*l*) and 161(1)(n)][1] ... *must be read together as separate and necessary qualifications in establishing employee status.* ... [I]t is plain that every individual claiming employee status under [subdivision (*l*)] must also be examined under [subdivision (n)]. Said another way, once an association with a private employer is found under [§ 161(1)(*l*)], the characteristics of that association must meet the criteria found in [§ 161(1)(n)]. [*Hoste*, 459 Mich at 573 (emphasis added).]

Reading subdivisions (*l*) and (n) together indicates that a person is an "employee" under the WDCA when that person is "in the service of another, under any contract of hire" and the person:

(1) does not maintain a separate business,

(2) does not hold himself or herself out to render services to the public, and

(3) is not an employer subject to the WDCA.

This was the precise and correct result reached by this Court in *Amerisure Ins Cos v Time Auto Transp, Inc*, 196 Mich App 569, 574; 493 NW2d 482 (1992), wherein this Court explained that "each provision [in MCL 418.161(1)(n)] must be satisfied *for an individual to be an employee.*" (Emphasis added.)

There is no dispute that Derry was in the service of All Star and under a contract of hire; however, as the majority correctly notes, at the same time Derry maintained a separate business and held himself out to render services to the public. The inquiry should have

---

[1] At the time of the injury in *Hoste*, what is now subdivision (*l*) was codified as subdivision (b) and what is now subdivision (n) was codified as subdivision (d). See 1985 PA 103.

ended there. Derry could not satisfy all three criteria under MCL 418.161(1)(n); therefore, he could not claim employee status under the act.

Accordingly, I reject the interpretation given by the prior panel in this case and accepted by the majority. I would therefore affirm the trial court's holding that Derry was not an employee under the WDCA.

FORT HOOD, and M. J. KELLY, JJ., concurred with BORRELLO, J.