# STATE OF MICHIGAN

# COURT OF APPEALS

---

ERIC D. MOORE,

      Plaintiff-Appellee,

v

NOLFF'S CONSTRUCTION and TRAVELERS
INDEMNITY CO.,

      Defendants-Appellants,

and

WANDELL'S WORKING CREW, INC.,
LIBERTY MUTUAL INS. CO., MOORE
QUALITY ROOFING & REPAIR, and
AMERISURE MUTUAL INS. CO.,

      Defendants.

UNPUBLISHED
February 5, 2015

No. 313440
MCAC
LC No. 09-000085

---

ERIC D. MOORE,

      Plaintiff-Appellant,

v

NOLFF'S CONSTRUCTION, TRAVELERS
INDEMNITY COMPANY, WANDELL'S
WORKING CREW, INC., LIBERTY MUTUAL
INS. CO., MOORE QUALITY ROOFING &
REPAIR, and AMERISURE MUTUAL INS. CO.,

      Defendants-Appellees.

No. 313478
MCAC
LC No. 09-000085

---

Before: MURRAY, P.J., and O'CONNELL and BORRELLO, JJ.

PER CURIAM.

-1-

In these consolidated cases, in Docket No. 313440, defendants Nolff's Construction (Nolff's) and Travelers Indemnity Company appeal by leave granted an October 26, 2012 final order of the Michigan Compensation Appellate Commission (MCAC) determining that plaintiff was an employee entitled to workers' compensation benefits under the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.* In Docket No. 313478, plaintiff appeals by leave granted the October 26, 2012 order of the MCAC calculating his workers' compensation benefits under MCL 418.371(4). For the reasons set forth in this opinion, we reverse the order in its entirety and remand for reentry of the magistrate's order finding that plaintiff was not an employee under the WDCA.

## I. BACKGROUND

In 1995, plaintiff was an hourly employee of Wandell's Working Crew, a roofing business owned by David Wandell. In 1996, plaintiff started his own business, Moore Quality Roofing. He maintained the business through 1997 or 1998, but it was not successful. Plaintiff returned to work for Wandell.

Wandell testified that he owns Wandell's Working Crew, Inc., a residential roofing company, and his roofers are subcontractors, not employees. Wandell originally had employees, but he modified his operations in 2001 to change the relationship with his workers from employees to independent contractors. Plaintiff was originally an employee of Wandell, but he became an independent contractor when the operations were modified in 2001. As part of the modification, Wandell instructed plaintiff to obtain workers' compensation insurance and plaintiff complied. Plaintiff testified that he worked exclusively for Wandell, but Wandell testified that at times plaintiff did jobs for other companies and plaintiff agreed that in June 2003 he had employees that were working on a job in Monroe.

Robert Nolff testified that he was a full-time employee of Nolff's Construction. Nolff's Construction had workers' compensation insurance for all of its employees, except for Nolff. On most roofing projects, Nolff completed the work by himself. On a few large roofing projects, however, Nolff hired a few people to assist. One such project was for Wandell at 15599 Eastwood in Monroe on June 6, 2003. Nolff testified that when one of the additional workers hired failed to appear, he called plaintiff and explained that he needed a certain task completed as soon as possible. Nolff agreed to pay plaintiff $100 for the "shingling and flashing" task upon completion. Nolff explained that the task would require about four hours to complete, so the $100 approximated "the normal flat rate" of $25 an hour for a roofer such as plaintiff.

Plaintiff testified that on June 6, 2003 he was working on a roofing project for Wandell at 211 West Eighth. Nolff paged him and asked for assistance completing a certain task. After inspecting the project at 15599 Eastwood, plaintiff estimated that the task would require about four to six hours to complete. Plaintiff requested $20 an hour, but Nolff said that "I'll give you a hundred dollar bill and I don't care how long it takes you, set your own wage." Plaintiff testified that he agreed to Nolff's offer and started working immediately. During the roofing task, plaintiff accidentally fired a nail into his foot with a nail gun. As of the date of trial, plaintiff still struggled to walk.

The magistrate found that plaintiff had a "continuing disability" as a result of the injury suffered on June 6, 2003. However, the magistrate determined that plaintiff was not entitled to workers' compensation benefits because he was not an "employee" under MCL 418.161(1), a subsection of the WDCA, which, at the time,[1] defined that term in relevant part as follows:

> As used in this act, "employee" means:
>
> * * *
>
> (*l*) Every person in the service of another, under any contract of hire, express or implied . . . .
>
> * * *
>
> (n) Every person performing service in the course of the trade, business, profession, or occupation of an employer at the time of the injury, if the person in relation to this service *does not maintain a separate business, does not hold himself or herself out to and render service to the public, and is not an employer subject to this act*. [MCL 418.161(1) (emphasis added).]

The magistrate held that plaintiff was not an employee under the act because he failed to satisfy all of the requirements of § 161(1)(*n*), reasoning as follows:

> Here, by his own testimony and the stipulations of counsel, it is clear that plaintiff did maintain a separate business in the same service as defendant, i.e., roofing, and was an employer subject to the act. Although I accept plaintiff's testimony that he worked only for Wandell's and thus did not hold himself out to and render service to the general public, his failure to satisfy the other provisions precludes him from establishing employee status.

In so holding, the magistrate relied on *Amerisure Insurance Co v Time Auto Trans, Inc*, 196 Mich App 569; 493 NW2d 482 (1992), wherein this Court held that all three criteria of § 161(1)(n) must be satisfied in order to obtain employee status under the act. This Court explained as follows:

> The plain and ordinary meaning of the language of the statute involved in this case is clear. The latter portion of the statute is drafted in the negative, employing the word 'not' before each provision . . . . By so employing the word 'not', the Legislature intended that once one of these three provisions occurs, the individual is not an employee. Thus each provision must be satisfied for an individual to be an employee. [*Id*. at 574.]

---

[1] In 2011, the Legislature amended the WDCA to provide a new test to determine whether providing services constitutes employment. 2011 PA 266. However, the test applies only to employment relationships that commenced after January 1, 2013. *Id*.

The magistrate concluded that, based on the reasoning set forth in *Amerisure*, "plaintiff fails to meet the definition of employee and thus is precluded from pursuing the instant claim."

Plaintiff appealed the magistrate's decision to the Workers Compensation Appellate Commission (WCAC), the predecessor to the MCAC.[2] On September 21, 2007, a majority of the WCAC panel reversed the magistrate's decision. The panel concluded that plaintiff was an employee and not an independent contractor. Although Nolff testified that he did not consider plaintiff to be his employee, the WCAC cited Nolff's testimony that subcontractors had written agreements, and employees did not. The WCAC characterized Nolff's assertions that plaintiff was not an employee as "after-the-fact rationalizations crafted to create an impression different than what was apparent during the tenure of the relationship which existed when plaintiff was hurt."

The WCAC applied a narrow interpretation of the statutory definition of employee, noting that:

> Nolff asserts that, because plaintiff had a separate business and was an employer subject to the Act, he could not satisfy MCL 418.161(1)(*n*), and cannot be considered an employee. Certainly, plaintiff has a separate business and he is an employer subject to the Act. These elements were irrelevant, however, to the service plaintiff provided to Nolff. That is, "in relation to this service" that plaintiff provided to Nolff, plaintiff was not an employer nor did he maintain a separate business. The service plaintiff rendered to Nolff was not as an employer nor as a business. Plaintiff did not hold himself out, nor did he render service, to the public.

The WCAC reversed the magistrate's decision and awarded workers' compensation benefits. The WCAC remanded for a determination of plaintiff's average weekly wage. Following several subsequent appeals and remands, in a final order, the MCAC ultimately affirmed the magistrate's finding that plaintiff's average weekly wage was $100 under MCL 418.371(4). Defendants appeal by leave granted the final order, arguing that the WCAC erred as a matter of law in holding that plaintiff was an employee under the act. Plaintiff appeals the final order by leave granted, arguing that the MCAC erred in affirming the magistrate's calculation of his average weekly wage.[3]

## II. ANALYSIS

In Docket No. 313440 defendants contend that the WCAC erred as a matter of law in determining that plaintiff was an employee as that term is defined in the WDCA.

---

[2] At the time of the appeal, the WCAC was the predecessor to the MCAC. See *McMurtie v Eaton Corp*, 490 Mich 976; 806 NW2d 530 (2011).

[3] *Moore v Nolff's Construction*, unpublished order of the Court of Appeals, entered September 4, 2013 (Docket Nos. 313440, 313478).

When this Court reviews a decision of the MCAC, it does not begin by considering the magistrate's decision, but looks first to the MCAC's decision. *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 701, 703; 614 NW2d 607 (2000). "The [MCAC's] decision may be reversed if it operated within the wrong legal framework or based its decision on erroneous legal reasoning." *Romero v Burt Moeke Hardwoods, Inc*, 280 Mich App 1, 5; 760 NW2d 586 (2008). This Court reviews de novo questions of law in a workers' compensation case. *Brackett v Focus Hope, Inc*, 482 Mich 269, 275; 753 NW2d 207 (2008). "Whether an individual is an employee as defined by the WDCA presents a question of law subject to review de novo." *McCaul v Modern Tile & Carpet, Inc*, 248 Mich App 610, 615; 640 NW2d 589 (2001).

As noted above, at the time relevant to this appeal, the WDCA defined "employee" as follows:

As used in this act, "employee" means:

* * *

(*l*) Every person in the service of another, under any contract of hire, express or implied . . . .

* * *

(n) Every person performing service in the course of the trade, business, profession, or occupation of an employer at the time of the injury, if the person in relation to this service *does not* maintain a separate business, *does not* hold himself or herself out to and render service to the public, and *is not* an employer subject to this act. [MCL 418.161(1) (emphasis added).]

Both subdivisions (*l*) and (n) "must be read together as separate and necessary qualifications in establishing employee status." *Hoste v Shanty Creek Mgt, Inc*, 459 Mich 561, 573; 592 NW2d 360 (1999). In this case, the parties do not dispute that plaintiff satisfied subdivision (*l*) and the resolution of whether plaintiff is an employee under the act turns on application of subdivision (n).

In *Amerisure*, 196 Mich App at 574, this Court held that a person must satisfy all three criteria in MCL 418.161(1)(n) in order to be considered an employee under the act. In other words, a person is an employee where he or she: (1) does not maintain a separate business, (2) does not hold himself or herself out to and render service to the public, and (3) is not an employer subject to the WDCA. *Id*.

In *Auto-Owners Ins Co v All Star Lawn Specialists Plus, Inc*, 301 Mich App 515; 838 NW2d 166 (2013) ("*All Star Lawn Specialists I*"), superseded by 303 Mich App 288 (2013), this Court applied *Amerisure* and concluded that an individual was not an employee because he satisfied one of the three criteria of MCL 418.161(1)(n). *Id*. at 534. This Court expressed disagreement with *Amerisure*, however, and it requested the convening of a special panel pursuant to MCR 7.215(J)(3). *Id*. at 546. In a published order, this Court convened a special panel as requested and vacated the relevant portions of *All Star Lawn Specialists I*. *Auto-Owners Ins Co v All Star Lawn Specialists Plus, Inc*, 301 Mich App 801, ___NW2d___ (2013).

Thereafter, a majority of the special panel overruled *Amerisure* and concluded that "all three of the criteria in MCL 418.161(1)(n) must be met before an individual is *divested of employee status*." *Auto-Owners Ins Co v All Star Lawn Specialists Plus, Inc*, 303 Mich App 288, 291; 845 NW2d 744 (2013) ("*All Star Lawn Specialists II*"), reversed ___Mich___ (2014) (emphasis added).

In dissent, Judge BORRELLO noted that the WDCA did not contain a "divesting provision" and concluded that the *Amerisure* Court properly held that "'each provision [in MCL 418.161(1)(n)] must be satisfied *for an individual to be an employee*.'" *All Star Lawn Specialists II*, 303 Mich App at 303 (BORRELLO, J., dissenting), quoting *Amerisure*, 196 Mich App at 574 (emphasis added by BORRELLO, J.). Judge BORRELLO concluded that:

> Reading subsections (*l*) and (n) together indicates that a person is an 'employee' under the WDCA when that person is 'in the service of another, under any contract of hire' and the person:
>
> (1) does not maintain a separate business,
>
> (2) does not hold himself or herself out to render services to the public, and
>
> (3) is not an employer subject to the WDCA. [*Id*. at 303 (BORRELLO, J., dissenting).]

Our Supreme Court granted leave to appeal in *All Star Lawn Specialists II* and reversed the majority opinion, explaining "[w]e . . . agree with dissenting Judge BORRELLO, who correctly concluded that *Amerisure* was properly decided." *Auto-Owners Ins. Co v All Star Lawn Specialists Plus* ("*All Star Lawn Specialists III*"), ___ Mich___; ___NW2d___(2014) (slip op at 6). The Court explained that:

> By requiring that all three statutory criteria be met for an employee to be divested of employee status, the special panel majority's interpretation ignored the word 'not' contained in each criterion . . . . Contrary to the majority's assertions, the *Amerisure* interpretation does not ignore the word 'and' in MCL 418.161(1)(n); it takes into consideration both the word 'and' connecting the three criteria and the word 'not' within each criterion. *Each criterion of MCL 418.161(1)(n) must be satisfied for an individual to be considered an employee; conversely, failure to satisfy any one of the three criteria will exclude an individual from employee status*. [*Id*. (emphasis added).]

Given our Supreme Court's holding in *All Star Lawn Specialists III*, *Amerisure* remains good law and is controlling in this case. Thus, to be considered an employee under MCL 418.116(1)(n), plaintiff had the burden to show that he:

(1) does not maintain a separate business,

(2) does not hold himself or herself out to render services to the public, and

-6-

(3) is not an employer subject to the WDCA. [*All Star Lawn Specialists II*, 303 Mich App at 303 (BORRELLO, J. dissenting).]

Here, the WCAC made factual findings that plaintiff maintained a separate business in the same service as Nolff's—i.e. roofing, and that plaintiff was an employer subject to the WDCA. Indeed, the record showed that plaintiff maintained a roofing business. Although plaintiff mainly sub-contracted with Wandell's Working Crew, he contracted to perform jobs for other companies and at the time of the injury, plaintiff had a crew of employees working on a job at a different location. Additionally, plaintiff obtained his own workers' compensation insurance. Plaintiff does not dispute these facts on appeal. Accordingly, because the factual record shows that plaintiff could not satisfy all three criteria set forth in § 161(1)(n), he was not an employee for purposes of the WDCA and the WCAC erred as a matter of law in concluding otherwise.[4] *All Star Lawn Specialists III*, ___Mich at ___ (slip op at 6); *Amerisure*, 196 Mich App at 574.

In its decision, the WCAC explained that the phrase, "in relation to this service" contained in MCL 418.161(1)(n) referred not to roofing in general, but roofing on behalf of Nolff. The WCAC stated that plaintiff did not maintain a separate business of roofing for Nolff, nor was he hired by Nolff in his capacity as a roofing contractor with a crew of workers. Rather, the WCAC stated, plaintiff was hired by Nolff as an individual worker. This reasoning was flawed because the statutory phrase "in relation to this service" refers to roofing in general. See *Reed v Yackell*, 473 Mich 520, 537; 703 NW2d 1 (2005). In other words, the phrase "in relation to this service" refers to the *type* of services performed, not the identity of the party receiving the services.

In sum, the WCAC erred as a matter of law in holding that plaintiff was an employee for purposes of the WDCA. Accordingly, plaintiff was not entitled to workers' compensation benefits and we reverse the MCAC's October 26, 2012, final order in its entirety and remand for reentry of the magistrate's order holding that plaintiff was not an employee under the WDCA.

Reversed and remanded for further proceedings consistent with this opinion. No costs awarded. MCR 7.219(A). We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Peter D. O'Connell
/s/ Stephen L. Borrello

---

[4] Given our resolution of this issue, plaintiff was not entitled to workers' compensation benefits, MCL 418.131(1), and we need not address the parties' arguments in Docket No. 313478 concerning the proper calculation of plaintiff's average weekly wage.