671 N.W.2d 42 (2003)
Ricky REED, Plaintiff-Appellee,
v.
Linda Susan YACKELL, Defendant, and
Buddy Lee Hadley, Gerald Michael Herskovitz and Mr. Food, Inc., Defendants-Appellants.
Docket No. 123711, COA No. 236588.
Supreme Court of Michigan.
November 17, 2003.
On order of the Court, the application for leave to appeal the judgment of the Court of Appeals is considered. Defendant's assertion of the exclusive remedy provision of the Worker's Disability Compensation Act, M.C.L. § 418.131, arguably raises a challenge to the trial court's subject-matter jurisdiction. See Harris v. Vernier, 242 Mich.App. 306, 312-316, 617 N.W.2d 764 (2000); MCR 2.111(F)(2).
Accordingly, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE the opinion of the Court of Appeals and we REMAND this case to the Wayne Circuit Court to determine whether plaintiff was an employee within the meaning of M.C.L. § 418.161(1)(l) and (n). Under § 161(1)(l), the court is to determine whether plaintiff was an employee in the service of defendants under any contract for hire, express or implied. See Hoste v. Shanty Creek Mgt., Inc., 459 Mich. 561, 592 N.W.2d 360 (1999). Under § 161(1)(n), the court is to determine whether plaintiff maintained a separate *43 business as a day-laborer and whether plaintiff held him self out to the public as a day-laborer. The Wayne Circuit Court shall, on the existing record or after such evidentiary hearing as the court deems appropriate, submit its findings to the Clerk of the Supreme Court within 35 days of the date of this order.
In all other respects, the application for leave to appeal is DENIED.
We retain jurisdiction.