AUTO-OWNERS INSURANCE CO v ALL STAR LAWN
SPECIALISTS PLUS, INC

Docket No. 149036. Decided November 25, 2014.

Joseph M. Derry initially brought an action in the Macomb Circuit Court against All Star Lawn Specialists Plus, Inc., and Jeffery A. Harrison (a coowner of All Star), seeking damages for injuries sustained while working on a lawn maintenance crew run by Harrison when a leaf vacuum machine that Derry was using to load leaves into a truck owned by All Star fell over, causing part of the machine to strike him. Derry claimed that Harrison had negligently failed to secure the machine to the truck. Derry also filed an action in the Macomb Circuit Court against Auto-Owners Insurance Company, seeking no-fault benefits under a commercial automobile insurance policy issued by Auto-Owners to All Star that insured the truck. Auto-Owners then brought the present action in the Macomb Circuit Court against All Star, Harrison, and Derry, seeking a declaratory judgment to determine the parties' rights and obligations under the automobile policy and two other policies issued by Auto-Owners to All Star, a commercial general liability policy and a workers' compensation policy. The court, John C. Foster, J., denied Auto-Owners' motion for summary disposition and granted summary disposition in favor of Derry, holding that Derry was an independent contractor at the time of his injury and that he was not an employee within the meaning of any of the insurance contracts. The court held that Derry was not entitled to coverage under the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.*, and, therefore, not entitled to coverage under the workers' compensation policy, that the general liability policy provided coverage for Derry's negligence claim against All Star and Harrison, and that the automobile policy provided coverage for Derry's claim against Auto-Owners for no-fault benefits. Auto-Owners appealed. The Court of Appeals, JANSEN, P.J., and SAWYER and SERVITTO, JJ., affirmed in part, reversed in part, and remanded the case to the circuit court, concluding that when determining employee status under the WDCA for purposes of this case, MCL 418.161(1)(*l*) and (n) had to be read together as separate and necessary qualifications. Because

Derry was an employee within the meaning of subdivision (*l*), it was necessary to determine whether he was also an employee under subdivision (n), which sets forth three criteria for determining whether a person performing services for an employer qualifies as an independent contractor rather than an employee. *Amerisure Ins Cos v Time Auto Transp, Inc*, 196 Mich App 569 (1992), held that if a person meets any of the three statutory criteria in MCL 418.161(1)(n), that person is an independent contractor and not an employee. The panel was required under MCR 7.215(J) to follow *Amerisure*. Had it not been obligated to do so, the panel would have reached a different interpretation of the statute and held that all three criteria must be met in order to determine that a person is an independent contractor. 301 Mich App 515 (2013). The Court of Appeals convened a special panel to resolve the conflict between this case and *Amerisure* and vacated part I, the second paragraph of part II, and the second paragraph of part III of its prior opinion in this case. 301 Mich App 801 (2013). After consideration by the special panel, the Court of Appeals, K. F. KELLY, P.J., and CAVANAGH, O'CONNELL, and STEPHENS, JJ. (BORRELLO, FORT HOOD, and M. J. KELLY, JJ., dissenting), overruled *Amerisure*, holding that all three criteria must be satisfied for an individual to be divested of employee status under subdivision (n), and that the trial court erred by entering summary disposition in favor of Derry. Because Derry met only two of the three criteria in MCL 418.161(1)(n), he remained an employee at the time of his injury and his exclusive remedy was under the WDCA. 303 Mich App 288 (2013). Derry sought leave to appeal.

In an opinion per curiam signed by Chief Justice YOUNG and Justices MARKMAN, KELLY, ZAHRA, MCCORMACK, and VIVIANO, the Supreme Court, in lieu of granting leave to appeal and without hearing oral argument, *held*:

Under MCL 418.161(1)(n), as used in the WDCA, the word "employee" means every person performing service in the course of the trade, business, profession, or occupation of an employer at the time of the injury, if the person in relation to this service does not maintain a separate business, does not hold himself or herself out to and render service to the public, and is not an employer subject to the WDCA. The Court of Appeals properly interpreted this statute in *Amerisure*. Each criterion of MCL 418.161(1)(n) must be satisfied for an individual to be considered an employee; conversely, failure to satisfy any one of the three criteria will exclude an individual from employee status. By requiring that all three statutory criteria be met for an individual to be divested of employee status, the special panel majority's interpretation ignored the word "not" contained in each criterion.

Reversed and remanded to the Macomb Circuit Court for further proceedings.

Justice CAVANAGH would have granted leave to appeal.

WORKERS' COMPENSATION — EMPLOYEE STATUS — INDEPENDENT CONTRACTOR STATUS.

MCL 418.161(1)(n) defines "employee," in relevant part, as every person performing service in the course of the trade, business, profession, or occupation of an employer at the time of the injury, if the person in relation to this service does not maintain a separate business, does not hold himself or herself out to and render service to the public, and is not an employer subject to the Worker's Disability Compensation Act; each criterion of MCL 418.161(1)(n) must be satisfied for an individual to be considered an employee; conversely, failure to satisfy any one of the three criteria will exclude an individual from employee status.

*Kallas & Henk PC* (by *Constantine N. Kallas* and *Michele L. Riker-Semon*) for Auto-Owners Insurance Company.

*Mark Granzotto, PC* (by *Mark Granzotto*), and *Metro Detroit Injury Law PLLC* (by *Daniel P. Beck*) for Joseph M. Derry.

PER CURIAM. In this case, we are called upon to interpret the definition of "employee" as found in MCL 418.161(1)(n), prior to being amended in 2011, which is a provision in the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.* By a special panel convened to hear this case under MCR 7.215(J), the Court of Appeals rejected that Court's previous interpretation of this definition in *Amerisure Ins Cos v Time Auto Transp, Inc.*[1] Because we believe the term "employee" as defined in the WDCA was properly interpreted in *Amerisure*, we reverse the Court of Appeals.

---

[1] *Amerisure Ins Cos v Time Auto Transp, Inc*, 196 Mich App 569; 493 NW2d 482 (1992).

While working on a fall clean-up job for defendant All Star Specialists Plus, Inc., defendant Joseph Derry was loading leaves into a truck using a leaf vacuum machine when the machine tipped over, injuring him. At the time, All Star had three insurance policies issued by Auto-Owners Insurance Company: (1) a commercial general liability policy, (2) a commercial automobile insurance (no-fault) policy, and (3) a commercial workers' compensation policy. The general liability policy excludes from coverage "[a]ny obligation of the insured under a workers['] compensation . . . law," and the no-fault policy excludes coverage for "any expenses that would be payable under any workers['] compensation law . . . ."

Derry brought a negligence suit against All Star and one of its owners, Jeffery Harrison, for his injuries and sued Auto-Owners for no-fault benefits. Plaintiff Auto-Owners later filed the present declaratory judgment action, seeking a determination that Derry was an employee of All Star and, thus, that the only insurance coverage available was under the workers' compensation policy. Plaintiff Auto-Owners moved for summary disposition pursuant to MCR 2.116(C)(10). Derry contended that because he was an independent contractor, the general liability policy and no-fault policy applied to his negligence and no-fault claims, respectively. The trial court concluded that because it was uncontroverted that Derry held himself out to the public to perform the same services as the work he performed for All Star, Derry was an independent contractor at the time of his injury and not an employee, and that Derry was therefore entitled to coverage under Auto-Owners' general liability and no-fault policies. The court denied Auto-Owners' motion for summary disposition and granted summary disposition in favor of Derry.

Auto-Owners appealed in the Court of Appeals, and the panel affirmed in part and reversed in part in a published opinion.[2] The panel affirmed the trial court's conclusion that Derry was an independent contractor for purposes of the WDCA. However, the panel only reached this conclusion because it was bound under MCR 7.215(J)(1) to follow the Court of Appeals' prior decision in *Amerisure*, which held that each criterion of MCL 418.161(1)(n) must be satisfied for an individual to be an employee, and otherwise would have held that Derry was an employee. The panel called for a special panel to resolve the conflict.

A special panel was convened,[3] and in a published 4-3 decision, the majority reversed the trial court's order granting summary disposition in favor of Derry and, thus, its determination that Derry was an independent contractor.[4] The special panel majority overruled *Amerisure* and held "that all three of the statutory criteria in MCL 418.161(1)(n) must be met before an individual is *divested* of 'employee' status."[5] The majority concluded that because Derry only met two of the three criteria, Derry remained an employee at the time of his injury.[6] The majority concluded that only the workers' compensation policy provided coverage and that the trial court had erred by entering summary disposition in favor of Derry.[7]

---

[2] *Auto-Owners Ins Co v All Star Lawn Specialists Plus, Inc*, 301 Mich App 515; 838 NW2d 166 (2013).

[3] *Auto-Owners Ins Co v All Star Lawn Specialists Plus, Inc*, 301 Mich App 801 (2013).

[4] *Auto-Owners Ins Co v All Star Lawn Specialists Plus, Inc*, 303 Mich App 288; 845 NW2d 744 (2013).

[5] *Id*. at 301 (emphasis added).

[6] *Id*.

[7] *Id*.

Derry sought leave to appeal in this Court, specifically seeking reversal of the special panel majority's ruling that he was an employee under MCL 418.161(1)(n).

The workers' compensation policy at issue provides insurance for certain bodily injuries when benefits are required by the WDCA.[8] The issue before this Court is the proper interpretation of the definition of "employee" in § 161 of the WDCA, specifically subsection (1)(n), prior to being amended in 2011.[9] That subsection provided:

(1) As used in this act, *"employee" means*:

* * *

(n) *Every person* performing service in the course of the trade, business, profession, or occupation of an employer at the time of the injury, *if* the person in relation to this service *does not* maintain a separate business, *does not* hold

---

[8] As this Court summarized in *Hoste v Shanty Creek Mgt, Inc*, 459 Mich 561, 570; 592 NW2d 360 (1999):

Michigan's Worker's Disability Compensation Act requires that employers provide compensation to employees for injuries suffered in the course of the employee's employment, regardless of who is at fault. MCL 418.301 . . . . In return for this almost automatic liability, employees are limited in the amount of compensation they may collect, and, except in limited circumstances, may not bring a tort action against the employer. See MCL 418.131 . . . . The statute also defines who is an "employee" in § 161, and by doing so determines which individuals have essentially traded the right to bring a tort action for the right to benefits.

[9] Subsection (1)(n) must also be read along with subsection (1)(*l*), but the interpretation of that subsection's language is not at issue. See *id*. at 573 (holding that "once an association with a private employer is found under § 161(1)(b) [a prior version of § 161(1)(*l*)], the characteristics of that association must meet the criteria found in § 161(1)(d) [a prior version of § 161(1)(n)]").

himself or herself out to and render service to the public, and *is not* an employer subject to this act. [Emphasis added.]

The Court of Appeals correctly interpreted this provision in its decision in *Amerisure*, stating, "By so employing the word 'not,' the Legislature intended that once one of these three provisions occurs, the individual is not an employee. Thus, each provision must be satisfied for an individual to be an employee."[10] Therefore, the three criteria that must be met for a person "performing service in the course of the trade, business, profession, or occupation of an employer at the time of the injury" to be considered an employee are that a person, "in relation to this service": (1) does *not* maintain a separate business, (2) does *not* hold himself or herself out to and render service to the public, and (3) is *not* an employer subject to this act. As a result, if a person, in relation to the service in question, maintains a separate business *or* holds himself or herself out to and renders service to the public *or* is an employer subject to this act (i.e., if the person fails to satisfy any one of the three criteria), then that person is excluded from employee status.

By requiring that all three statutory criteria be met for an employee to be divested of employee status, the special panel majority's interpretation ignored the word "not" contained in each criterion. This interpretation contravenes the principle of statutory interpretation that "[c]ourts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that renders nugatory or surplusage any part of a statute."[11] We instead agree with dissenting Judge BORRELLO, who correctly concluded that *Amerisure* was properly de-

---

[10] *Amerisure Ins Cos*, 196 Mich App at 574.

[11] *People v Couzens*, 480 Mich 240, 249; 747 NW2d 849 (2008).

cided. Contrary to the majority's assertions, the *Amerisure* interpretation does not ignore the word "and" in MCL 418.161(1)(n); it takes into consideration *both* the word "and" connecting the three criteria *and* the word "not" within each criterion. Each criterion of MCL 418.161(1)(n) must be satisfied for an individual to be considered an employee; conversely, failure to satisfy any one of the three criteria will *exclude* an individual from employee status.

When overruling *Amerisure*, the special panel majority expressly adopted the reasoning of the prior panel,[12] which relied in part on a paraphrase of MCL 418.161(1)(n) in Chief Justice TAYLOR's lead opinion in *Reed v Yackell*.[13] However, to the extent that the special panel relied on this paraphrase by adopting the reasoning of the original panel, their reliance was misplaced. Chief Justice TAYLOR attempted to paraphrase the cumbersome language of MCL 418.161(1)(n) as follows:

> [MCL 418.161(1)(n)] provides that every person performing a service in the course of an employer's trade, business, profession, or occupation is an employee of that employer. However, the statute continues by excluding from this group any such person who: (1) maintains his or her own business in relation to the service he or she provides the employer, (2) holds himself or herself out to the public to render the same service that he or she performed for the employer, and (3) is himself or herself an employer subject to the WDCA. [*Reed*, 473 Mich at 535 (opinion by TAYLOR, C.J.).]

Chief Justice TAYLOR thus sought to replace the confusing negative definition of an employee created by MCL 418.161(1)(n) with a positive definition of people who are excluded from the statutory class of employees by

---

[12] *Auto-Owners Ins Co*, 303 Mich App at 291, 296-299.

[13] *Reed v Yackell*, 473 Mich 520; 703 NW2d 1 (2005).

operation of the statute. This statement may not, however, be interpreted as an indication that this Court believed all three criteria of MCL 418.161(1)(n) must be met for a person to be *excluded* from employee status.

As an initial consideration, *Reed* was a plurality opinion and does not constitute binding precedent of this Court.[14] Therefore, even if Chief Justice TAYLOR's paraphrase indicated that he had favored the special panel majority's interpretation of MCL 418.161(1)(n), the statement could not be taken as guidance from this Court because the lead opinion only represented the views of three justices.

Chief Justice TAYLOR's paraphrase in *Reed* was also dictum and, again, is not binding precedent.[15] The differences between the statutory language and the paraphrase had no impact on the decision in *Reed* because the question before this Court was the meaning of the statutory phrase "this service."[16] *Reed* never addressed whether a person is excluded from employee status if he or she fails to meet only one criterion in MCL 418.161(1)(n).

Lastly, to the extent that the plurality in *Reed* did contemplate this question, it demonstrated no intention of changing *Amerisure*'s settled interpretation. To the contrary, it was undisputed throughout *Reed* that the plaintiff was not an employer under the WDCA.[17] Under

[14] *Frankenmuth Mut Ins Co v Masters*, 460 Mich 105, 115 n 7; 595 NW2d 832 (1999) (explaining that "plurality opinions are not binding precedent because they did not garner a majority of the Court").

[15] *People v Peltola*, 489 Mich 174, 190 n 32; 803 NW2d 140 (2011) ("Obiter dicta are not binding precedent. Instead, they are statements that are unnecessary to determine the case at hand and, thus, lack the force of an adjudication.") (quotation marks and citation omitted).

[16] *Reed*, 473 Mich at 535-538.

[17] See *Reed*, 473 Mich at 536 (the plaintiff argued that he was an independent contractor *only* because "he maintained a separate business

the interpretation of MCL 418.161(1)(n) adopted by the original panel and special panel majority in this matter, this in itself would have been sufficient to conclude that the plaintiff retained his status as an "employee." This Court in *Reed,* however, found it necessary to explore whether the other two statutory criteria were also satisfied before making this determination, as *Amerisure* requires. *Reed* was thus considered and decided in a manner fully consistent with *Amerisure*'s interpretation of MCL 418.161(1)(n), and it is readily apparent that the plurality did not intend to disrupt that interpretation.

Because the special panel majority of the Court of Appeals incorrectly interpreted MCL 418.161(1)(n), we reverse that decision and remand this matter to the Macomb Circuit Court for further proceedings consistent with this opinion and the Court of Appeals' July 9, 2013 opinion.

YOUNG, C.J., and MARKMAN, KELLY, ZAHRA, MCCORMACK, and VIVIANO, JJ., concurred.

CAVANAGH, J. I would have granted leave to appeal.

___

and held himself out to the public as a day laborer"); see also *Reed v Yackell,* 469 Mich 960 (2003) (remanding to the trial court to make factual findings only with regard to these arguments, but not regarding whether the plaintiff was an employer under the WDCA).