# STATE OF MICHIGAN

# COURT OF APPEALS

JORDAN PORTER,

Plaintiff-Appellant,

v

STATE FARM MUTUAL INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
September 22, 2015

No. 321974
Wayne Circuit Court
LC No. 12-007653-NF

Before: K. F. KELLY, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendant's motion for summary disposition in this no-fault action for personal insurance protection (PIP) benefits. We affirm.

In June 2011, plaintiff suffered injuries while driving a truck owned by Losey's Lawn & Landscape, Inc. (Losey's). He was working on a landscaping job for Losey's. At the time, plaintiff had a power washing business, but not a landscaping business. Plaintiff had occasionally worked for Losey's in 2010 and 2011, providing snowplowing services as a subcontract laborer, i.e., he was issued a 1099 form with regard to the pay he received for his snowplowing services. After the accident, plaintiff filed a complaint for PIP benefits against Losey's PIP insurer, Merchants National Insurance Company, as well as his own insurer, defendant State Farm Mutual Automobile Insurance Company. Plaintiff subsequently settled his claim against Merchants, which was dismissed.

Thereafter, defendant State Farm moved for summary disposition arguing, in part, that plaintiff was an employee of Losey's at the time he was injured, as described in *Auto-Owners Ins Co v All Star Lawn Specialists Plus, Inc*, 303 Mich App 288; 845 NW2d 744 (2013). Therefore, plaintiff was entitled to benefits under the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.*, which provided his exclusive remedy, MCL 418.131(1). Plaintiff argued that the *Auto-Owners* case was wrongly decided. The trial court "reluctantly" agreed with defendant holding that, under the *Auto-Owners* decision, plaintiff was an employee of Losey's at the time he was injured because the three criteria set forth in MCL 418.161(1)(n) were not met. Accordingly, defendant's motion for summary disposition was granted.

On appeal, plaintiff argues that he was not Losey's employee at the time he was injured; therefore, the trial court erroneously dismissed his complaint. We disagree.

-1-

A trial court's decision on a motion for summary disposition is reviewed de novo. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). Questions of law, including the proper interpretation of a statute are also reviewed do novo. *People v Martin*, 271 Mich App 280, 286-287; 721 NW2d 815 (2006). A court's fundamental obligation when interpreting a statute "is to ascertain the legislative intent that may reasonably be inferred from the words expressed in the statute." *Koontz v Ameritech Serv, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002).

Under the WDCA, MCL 418.161(1)(n), an "employee" is defined as:

> Every person performing service in the course of the trade, business, profession, or occupation of an employer at the time of the injury, if the person in relation to this service does not maintain a separate business, does not hold himself or herself out to and render service to the public, and is not an employer subject to this act.

In granting defendant's motion for summary disposition, the trial court relied on this Court's holding in *Auto-Owners Ins Co*, 303 Mich App 288, that all three statutory criteria in MCL 418.161(1)(n) must be met before a person is divested of employee status, i.e., before a person is considered an independent contractor. After plaintiff filed this appeal, our Supreme Court reversed the decision in that case. See *Auto-Owners Ins Co v All Star Lawn Specialists Plus, Inc*, 497 Mich 13; 857 NW2d 520 (2014). The Supreme Court held that all three criteria must be satisfied for a person to be considered an employee, and the failure to satisfy any one of the three criteria excluded a person from employee status. *Id*. at 20. In particular, the Court held:

> [T]he three criteria that must be met for a person "performing service in the course of the trade, business, profession, or occupation of an employer at the time of the injury" to be considered an employee are that a person, "**in relation to this service**": (1) does *not* maintain a separate business, (2) does *not* hold himself or herself out to and render service to the public, and (3) is *not* an employer subject to this act. As a result, if a person, **in relation to the service in question**, maintains a separate business *or* holds himself or herself out to and renders service to the public *or* is an employer subject to this act (i.e., if the person fails to satisfy any one of the three criteria), then that person is excluded from employee status. [*Id*. at 19 (bolded emphasis added).]

On appeal, plaintiff argues that the first criteria necessary to be considered an employee of Losey's was not met because he was "operating his own power washing business on the day he was injured." Plaintiff argues that the second criteria was not met either because he "holds himself out to the public to render service, via his power washing business." The third criteria, however, was met because he was not an employer subject to the WDCA. Plaintiff's arguments are without merit.

Plaintiff testified that he was working on a landscaping job for Losey's when he was injured. Losey's customer was having an open house and he wanted an outdoor fireplace, some pavers, and a little walkway. Plaintiff's job was to "drive the dump truck until we had enough

materials." Plaintiff was driving Losey's dump truck, and was on his way to pick up limestone to take to the job site, when the front driver's side tire blew causing the truck to go into a ditch. Thus, according to his own testimony, plaintiff was performing service in the course of Losey's landscaping business at the time of his injury. In relation to this landscaping service, plaintiff did not maintain a separate business, i.e., he did not have his own landscaping business; plaintiff did not hold himself out to and render landscaping services to the public; and plaintiff was not an employer subject to the WDCA. Thus, plaintiff was not divested of employee status. That is, plaintiff did not "fail to satisfy any one of the three criteria" set forth in MCL 418.161(1)(n). See *id*. Accordingly, at the time of his injury, plaintiff was Losey's employee and not an independent contractor.

Further, the fact that plaintiff had his own power washing business is irrelevant because he was not providing power washing services at the time he was injured. As discussed in *Reed v Yackell*, 473 Mich 520, 536; 703 NW2d 1 (2005):

> The first requirement is that the service held out and provided by the separate business be "this service," i.e., the same service that he performed for the employer. It is not enough under the statute that he has any business and holds it out. The reason is that such a reading fails to give effect to all the words in the statute. This we cannot do because we are bound by oath to give meaning to every word, phrase, and clause in a statute. Said conversely, we cannot render parts of the statute surplusage and nugatory. . . .
>
> Therefore . . . the "service" performed by the person cannot be placed in such broad and undefined classifications as general labor. Rather, it must be classified according to the most relevant aspects identifiable to the duties performed in the course of the employer's trade, business, profession, or occupation. Thus, for example, if the service that the person performs for the employer is roofing, to be an independent contractor and, thus, be ineligible for worker's compensation, the person must maintain a separate roofing business, which roofing business he holds himself or herself out to the public as performing. [*Id.* at 536-537 (footnote omitted).][1]

In summary, plaintiff was an "employee" under the WDCA when he was injured while performing service in the course of Losey's landscaping business. Plaintiff was entitled to worker's compensation benefits, and such benefits provided the exclusive remedy for his

---

[1] The Supreme Court in *Auto-Owners Ins Co*, 497 Mich at 21, noted that the *Reed* decision was a plurality opinion and, thus, not binding precedent. However, the Court also noted that the issue in *Reed* was the meaning of the statutory phrase "this service," and did not disagree with *Reed*'s holding in that regard.

injuries.  Therefore, the trial court properly granted defendant State Farm's motion for summary disposition.

Affirmed.


/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Henry William Saad