*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SCOTT WITTENBERG,

   Plaintiff-Appellant,

v

BULLDOG ONSITE SOLUTIONS, LLC,

   Defendant-Appellee.

FOR PUBLICATION
February 16, 2023
9:00 a.m.

No. 359424
Macomb Circuit Court
LC No. 2020-001594-NO

Before: HOOD, P.J., and CAMERON and GARRETT, JJ.

HOOD, P.J.

Plaintiff, Scott Wittenberg (Wittenberg), appeals as of right the trial court order granting summary disposition in favor of defendant, Bulldog Onsite Solutions, LLC (Bulldog), in this negligence suit arising out of a workplace injury. The trial court applied the wrong standards to determine if Wittenberg was an employee within the meaning of the Worker's Disability and Compensation Act, MCL (WDCA), MCL 418.101 *et seq*. We, therefore, reverse and remand for proceedings consistent with this opinion.

## I. BACKGROUND

This case started with a workplace injury in June 2017, where Wittenberg fell approximately 30 feet while working as a rigger for Bulldog. Wittenberg worked in the rigging business, which involves, at least here, moving heavy industrial equipment. The process involves attaching workloads to cranes or structures using cables, pulleys, and winches. Bulldog is a rigging business. It helps move heavy equipment for its industrial customers. Bulldog employs riggers, a skilled trade that helps move the heavy equipment.

Bulldog's founder, Jason Eelbode, interviewed and hired Wittenberg in or around May 2016. He believed that Wittenberg worked for Bulldog continuously from May 2016 until his injury in June 2017. While working for Bulldog, Bulldog directed Wittenberg's work duties, paid his wages, and could discipline and fire him. It also provided Wittenberg with his equipment and tools. Wittenberg claimed that he held himself out as an independent contractor, working at other jobsites for other employers. He also appears to have been paid as a 1099 contractor.

-1-

On June 5, 2017, and June 6, 2017, Wittenberg worked for Bulldog, with others, to prepare, disassemble, and load two large hydraulic presses onto trucks at a plant in Chesterfield, Michigan, belonging to one of Bulldog's customers. Wittenberg learned of the job from Richard Bunting, Bulldog's director of operations. On June 5, 2017, Wittenberg and others moved the first press without incident. On June 6, 2017, however, Wittenberg was injured. Wittenberg was on a raised "scissor lift" overseeing the moving of the second press when the crane lifting the press hit the scissor lift. Wittenberg fell approximately 30 feet and hit his head on the cement floor.

Following his injury, Wittenberg received worker's compensation benefits from Bulldog's insurer. Bulldog's notice of compensation payments, and its insurer's "Workers Compensation Detailed Loss Report" both show payments for Wittenberg's benefit from mid-June 2017 until at least August 2017. The loss report indicated that as of the end of September 2017, the insurer paid $22,177 related to Wittenberg's injuries.

In late April 2020, Wittenberg sued Bulldog, raising two claims: (1) negligence, and (2) gross negligence. Bulldog moved for summary disposition under MCR 2.116(C)(10), arguing that the exclusive-remedy provision of the WDCA, MCL 418.131(1), barred Wittenberg's negligence and gross negligence claims. Bulldog argued that Wittenberg qualified as an employee under the economic-reality test. It also argued that his receipt of worker's compensation benefits brought him into the exclusive-remedy provision of the act, and to hold otherwise would subvert the purpose of the WDCA. Wittenberg responded, agreeing that the economic-reality test informs a worker's employment status, but arguing that under that test, he qualified as an independent contractor. In his response, Wittenberg cited testimony from Eelbode and Bunting that supported his position that he held himself out as an independent contractor for other work.

Following a hearing, the trial court granted Bulldog's motion for summary disposition on two bases. First, the court found that Wittenberg's acceptance of worker compensation benefits barred his negligence and gross negligence claims. It concluded that his acceptance of benefits made Wittenberg an employee subject to the exclusive-remedy provision of the WDCA. Second, the court applied the economic-reality test to find that Wittenberg was an employee. It noted it was "a close call" because there were "factors weighing in favor of both parties." Critically, the court acknowledged that Wittenberg, Bunting, and Eelbode all testified that Wittenberg held himself out to the public for hire as a rigger, which it found weighed "slightly more toward him being an independent contractor." The court nonetheless concluded that the factors weighed in Bulldog's favor and granted the motion.

This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) "tests the factual sufficiency of a claim." *Id*. at 160 (citation and emphasis omitted). In considering a motion under MCR 2.116(C)(10), the trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. (citation omitted). Such a motion "may only be granted when there is no genuine issue of material fact." *Id*. (citation omitted). "A genuine issue of material fact exists when the record

leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

"We also review de novo underlying issues of statutory interpretation." *Drob v SEK 15, Inc*, 334 Mich App 607, 617; 965 NW2d 683 (2020) (citation omitted). "Whether an individual is an employee as defined by the WDCA presents a question of law subject to review de novo." *Id*. (quotation marks and citation omitted).

### III. LAW AND ANALYSIS

### A. WDCA

The WDCA is Michigan's worker's compensation statute. Ideally, the dual purpose of the WDCA is to streamline the payment and receipt of benefits for workers who are injured on the job and to limit employers' exposure to individual lawsuits by injured workers. See *Reed v Yackell*, 473 Mich 520, 529-530; 703 NW2d 1 (2005) (opinion by TAYLOR, C.J.). An employee, who falls within the WDCA's framework, is subject to the exclusive-remedy provision of the act, MCL 418.131(1). See *id*. This means, with the exception of certain intentional torts, an employee subject to the exclusive-remedy provision cannot sue their employer for a workplace injury except to recover WDCA benefits. See *id*.; MCL 418.131(1). As with many worker's compensation cases, the threshold question is whether Wittenberg was an "employee" under the definitions in the WDCA.

### B. WHETHER WITTENBERG IS AN EMPLOYEE UNDER MCL 418.161(1)(*l*) AND (n)

Wittenberg argues that the trial court erroneously applied the economic-reality test to determine whether Wittenberg constitutes Bulldog's employee and that, instead, the court should have looked to the explicit definition of "employee" under MCL 418.161 of the WDCA. We agree. Instead of applying the economic-reality test, the trial court should have considered whether Wittenberg constituted an "employee" for purposes of the exclusive-remedy provision by evaluating MCL 418.161(1)(*l*) and (n). See *Drob*, 334 Mich App at 617-619.

The issue here is not whether Bulldog is an employer; rather, the critical inquiry is whether Wittenberg is an employee. The WDCA does not explicitly define the term "employer,"[1] so courts "regularly appl[y] the 'economic realities test' to determine whether an employment relationship exists for purposes of the exclusive remedy provision, and thus whether an individual or entity is the 'employer' of a given employee." *Clark v United Technologies Auto, Inc*, 459 Mich 681, 687; 594 NW2d 447 (1999). See also *id*. at 687 n 5 (indicating that the Legislature had not further defined "employer" but recognizing the Supreme Court's decision in *Hoste v Shanty Creek Mgt, Inc*, 459 Mich 561, 572; 592 NW2d 360 (1999), in which the Court noted that MCL 418.161

---

[1] MCL 418.131(2) provides that " 'employer' includes the employer's insurer and a service agent to a self-insured employer insofar as they furnish, or fail to furnish, safety inspections or safety advisory services incident to providing worker's compensation insurance or incident to a self-insured employer's liability servicing contract." MCL 418.151 also includes a list of "employers subject to [the WDCA,]" but does not appear to limit it to those entitles.

defined "employee" and superseded the economic realities test by legislative enactment). The economic-reality test does not, however, apply to the determination of whether a person is an employee. *Luster v Five Star Carpet Installations, Inc*, 239 Mich App 719, 726; 609 NW2d 859 (2000).

Instead, a person qualifies as an "employee" if they meet the definition of that term as legislatively defined in MCL 418.161. In *Drob*, this Court held that whether an individual is an "employee" subject to the exclusive-remedy provision of the WDCA requires satisfaction of the criteria under MCL 418.161(1). *Drob*, 334 Mich App at 618-620. As in *Drob*, the relevant subsections here are MCL 418.161(1)(*l*) and (n). Those provisions provide, in relevant part:

(1) As used in this act, "employee" means:

* * *

(*l*) Every person in the service of another, under any contract of hire, express or implied, including aliens; a person regularly employed on a full-time basis by his or her spouse having specified hours of employment at a specified rate of pay; working members of partnerships receiving wages from the partnership irrespective of profits; a person insured for whom and to the extent premiums are paid based on wages, earnings, or profits; and minors, who shall be considered the same as and have the same power to contract as adult employees. Any minor under 18 years of age whose employment at the time of injury is shown to be illegal, in the absence of fraudulent use of permits or certificates of age in which case only single compensation shall be paid, shall receive compensation double that provided in this act.

* * *

(n) Every person performing service in the course of the trade, business, profession, or occupation of an employer at the time of the injury, if the person in relation to this service does not maintain a separate business, does not hold himself or herself out to and render service to the public, and is not an employer subject to this act. [MCL 418.161(1)(*l*) and (n).]

MCL 418.161(1)(*l*) must first be satisfied before evaluating whether an individual is an employee under MCL 418.161(1)(n). *Drob*, 334 Mich App at 619, citing *Reed*, 473 Mich at 530-531 (opinion by TAYLOR, C.J.). "Subdivision (*l*) defines an 'employee,' in relevant part, as a person 'in the service of another, under any contract of hire, express or implied.' " *Drob*, 334 Mich App at 619. Instead of applying the economic-reality test, the trial court should have applied the statutory test for employees as stated in *Drob*. This was an error.

Regarding the first statutory inquiry, Wittenberg meets the definition of "employee" under MCL 418.161(1)(*l*). Wittenberg was in the service of Bulldog and he, at the very least, had an implied contract of hire with Bulldog that allowed him to perform rigging work for Bulldog and receive wages. See *Reed*, 473 Mich at 531 (opinion by TAYLOR, C.J.) (quotation marks and citation omitted) ("A contract implied in fact arises when services are performed by one who at the time expects compensation from another who expects at the time to pay therefor."). In his brief

-4-

on appeal, Wittenberg conceded that he was under a contract of hire with Bulldog at the time of the accident. The main issue on appeal, therefore, is whether Wittenberg meets the definition of "employee" under MCL 418.161(1)(n).

Regarding this second inquiry, the parties have not addressed whether Wittenberg constitutes an "employee" under MCL 418.161(1)(n). We, therefore, remand to the trial court to analyze this issue in the first instance.

Under MCL 418.161(1)(n), "[t]o be an employee subject to the exclusive-remedy provision of the WDCA, the court must find that a person (1) does not maintain a separate business, (2) does not hold himself or herself out to and render service to the public, and (3) is not an employer subject to this act." *Drob*, 334 Mich App at 619 (quotation marks omitted). In other words, an individual is *not* an employee and, therefore, not subject to the exclusive-remedy provision, if he maintains a separate business, holds himself out to render service to the public, or is an employer subject to the WDCA. *Id*. at 618-619. "Each criterion of MCL 418.161(1)(n) must be satisfied for an individual to be considered an employee; conversely, failure to satisfy any one of the three criteria will exclude an individual from employee status." *Id*. at 619, quoting *Auto-Owners Ins Co v All Star Lawn Specialists Plus, Inc*, 497 Mich 13, 20; 857 NW2d 520 (2014) (alteration omitted).

We reverse and remand to the trial court for it to evaluate in the first instance whether Wittenberg was an employee using the framework provided in MCL 418.161(1)(*l*) and (n), and *Drob*, 334 Mich App at 618-619.

## C. LIABILITY UNDER THE WDCA IS NOT CONTINGENT ON PAYMENT OR RECEIPT OF WORKER'S COMPENSATION BENEFITS

The trial court also erred when it found that Wittenberg was an employee subject to the exclusive-remedy provision of the WDCA because he received some worker's compensation benefits through Bulldog. By extension, the court erred in granting summary disposition in Bulldog's favor on this basis.

Payment or receipt of workers compensation benefits does not, in and of itself, bring a worker within the exclusive remedy provision of the WDCA. See MCL 418.831; *Allen v Garden Orchards, Inc*, 437 Mich 417, 427-430; 471 NW2d 352 (1991) (holding that equitable estoppel did not bar personal representative's wrongful death suit for negligence, where the personal representative had previously signed a redemption agreement settling liability of putative employer for worker's compensation and accepted compensation of $20,000). The WDCA unambiguously provides: "Neither the payment of compensation or the accepting of the same by the employee or his dependents shall be considered as a determination of the rights of the parties under this act." MCL 418.831. Not only the text, but the purpose of the statute support this idea. See *id*.; *Dagenhardt v Special Mach & Engineering, Inc*, 418 Mich 520, 531-532; 345 NW2d 164 (1984). The WDCA's purpose is to compensate a disabled worker, and prompt payment of benefits by an employer advances that purpose. See *Dagenhardt*, 418 Mich at 532; *id*. at 532 n 7, quoting *McAvoy v H B Sherman Co*, 401 Mich 419, 437; 258 NW2d 414 (1977) ("Any worker's compensation schem[e] has, therefore, as its primary goal the delivery of sustaining benefits to a disabled employee as soon as possible after an injury occurs, regardless of any traditional tort concepts of liability.") (Quotation marks omitted). Just as an employee may not opt out of the

WDCA by refusing benefits, they are not brought into the WDCA by receiving such benefits. See *Allen*, 437 Mich at 427-430 (acknowledging that MCL 418.831 replaced the statutory provision in the original workers' compensation act, which allowed the employer to elect whether to provide, and the employee to elect whether to seek or accept, worker's compensation benefits as an alternative to an action in law).

For these reasons, the trial court's reliance on Wittenberg's receipt of worker's compensation benefits to grant summary disposition was misplaced. See MCL 418.831. It is undisputed that Wittenberg received worker's compensation benefits for at least some of his medical bills. Under MCL 418.831, the fact that the insurer paid, and Wittenberg accepted, worker's compensation benefits does not automatically render him Bulldog's employee, or bar a tort suit. See *Allen*, 428-430. The trial court, therefore, erred in granting summary disposition on this basis.

## IV. CONCLUSION

Instead of applying the economic-reality test, the trial court should have considered whether Wittenberg constituted an "employee" for purposes of the exclusive-remedy provision by evaluating MCL 418.161(1)(*l*) and (n), as articulated in *Drob*, 334 Mich App at 617-619. The trial court also erred in finding that Wittenberg's receipt of benefits brought him within the exclusive-remedy provision of the WDCA. For the reasons stated above, we reverse and remand to the trial court. We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ Thomas C. Cameron
/s/ Kristina Robinson Garrett

-6-