*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN GOINGS, SR.,

      Plaintiff-Appellant,

v

BOBBIE JEAN GIACOMANTONIO-SNOW,

      Defendant-Appellee.

FOR PUBLICATION
July 18, 2024
9:10 a.m.

No. 366074
Wayne Circuit Court
LC No. 22-005110-NI

Before: YATES, P.J., and BORRELLO and GARRETT, JJ.

GARRETT, J.

This case requires us to interpret provisions of Michigan's no-fault act, MCL 500.3101 *et seq.*, to determine whether a driver may recover damages for injuries he sustained in an auto accident in Michigan if the driver's vehicle was registered and insured in another state at the time of the accident. The trial court granted summary disposition to defendant, Bobbie Jean Giacomantonio-Snow, under MCR 2.116(C)(10) on the ground that plaintiff, John Goings, Sr., cannot be awarded damages because he failed to maintain Michigan no-fault insurance on a vehicle he drove in Michigan for more than 30 days during the year. Goings asserted that, although he spent significant time in Michigan, he was a resident of Ohio who registered and insured his vehicle in that state. Because we hold that MCL 500.3135(2)(c) does not bar Goings from recovering noneconomic damages under these circumstances, and because there remains a genuine issue of material fact regarding Goings's place of residency, we reverse and remand for further proceedings.

## I. BACKGROUND

Goings sustained injuries when Giacomantonio-Snow's sport utility vehicle (SUV) hit the rear end of Goings's SUV on September 22, 2021. The collision occurred when Goings was on a ramp from Eight Mile Road yielding to traffic so that he could enter southbound Telegraph Road. The parties presented conflicting evidence about Goings's place of residence at the time of the accident. Evidence showed that Goings maintained a home with his mother and his 7-year-old child in Toledo, Ohio, and other evidence showed that Goings regularly worked at a job in Sterling Heights, Michigan and that he spent some nights with his girlfriend in Warren, Michigan. The

-1-

parties agreed, however, that Goings's SUV was registered in Ohio and that he had an Ohio auto insurance policy.

Goings filed an insurance claim for his injuries and damage to his vehicle, and he then filed this action against Giacomantonio-Snow for negligent driving and asked the trial court to award him noneconomic damages. After discovery, Giacomantonio-Snow moved for summary disposition under MCR 2.116(C)(10) and argued that Goings's claim was barred by MCL 500.3135(2)(c), which prohibits a driver from receiving tort damages if the driver does not have Michigan no-fault insurance as required by MCL 500.3101(1). According to Giacomantonio-Snow, Goings could not recover tort damages because he was an uninsured Michigan resident in violation of MCL 500.3101(1), or because he violated MCL 500.3102(1) by operating his vehicle in Michigan for more than 30 days in 2021 without maintaining Michigan no-fault insurance on his vehicle.

In response, Goings argued that he was not a Michigan resident at the time of the accident as contemplated in MCL 500.3101(1) and that, therefore, MCL 500.3135(2)(c) did not bar him from recovering damages for Giacomantonio-Snow's negligent driving. Goings maintained that MCL 500.3135(2)(c) applied only to Michigan residents, and only referenced violations of MCL 500.3101(1), so he could not be barred from receiving tort damages even if he failed to obtain Michigan no-fault insurance under the nonresident provision, MCL 500.3102(1).

The trial court granted summary disposition to Giacomantonio-Snow and ruled that, regardless of whether Goings resided in Michigan or in Ohio, he could not recover tort damages in Michigan because he violated MCL 500.3102(1) by driving his vehicle in Michigan for more than 30 days without carrying Michigan no-fault insurance.

## II. LEGAL ANALYSIS

### A. STANDARDS OF REVIEW

We review de novo both the interpretation of statutes and a trial court's decision on a motion for summary disposition. *Le Gassick v Univ of Mich Regents*, 330 Mich App 487, 494; 948 NW2d 452 (2019). Accordingly, we review both matters independently, without deferring to the trial court's reasoning or conclusions. *Millar v Constr Code Auth*, 501 Mich 233, 237; 912 NW2d 521 (2018).

When deciding a motion under MCR 2.116(C)(10), a court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). If the moving party submits evidence that negates an essential element of the claim or shows that evidence is insufficient to establish an essential element of the claim, the burden shifts to the nonmoving party to show that there remains a genuine issue of material fact for trial. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016). Summary disposition under MCR 2.116(C)(10) should only be granted if there is no "issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160.

As discussed, resolution of this appeal also requires us to interpret provisions of Michigan's no-fault act. "The primary goal of statutory interpretation is to give effect to the intent of the Legislature," and "[t]he most reliable evidence of legislative intent is the plain language of the statute." *Le Gassick*, 330 Mich App at 495 (citation omitted). "If the language of the statute is clear and unambiguous, it is presumed that the Legislature intended the meaning plainly expressed in the statute." *Id.*

## B.  APPLICABILITY OF MCL 500.3135(2)(C)

"Michigan's no-fault insurance system is a comprehensive scheme of compensation designed to provide sure and speedy recovery of certain economic losses resulting from motor vehicle accidents." *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018). To that end, our Legislature requires most Michigan drivers to maintain no-fault insurance and bars tort liability for harm caused by the operation of a motor vehicle except in certain enumerated circumstances. *Wilmore-Moody v Zakir*, 511 Mich 76, 83; 999 NW2d 1 (2023). The exception in this case is that a person may recover damages in a tort action if the defendant's use of a motor vehicle caused serious impairment of a body function. *Id.* at 83-84, citing MCL 500.3135(1). However, not every Michigan driver is entitled to recover noneconomic damages for those injuries under our no-fault laws.

As discussed, Giacomantonio-Snow argued, and the trial court agreed, that Goings was barred from recovering tort damages for his injuries under MCL 500.3135(2)(c), which states that "[d]amages must not be assessed in favor of a party who was operating his or her own vehicle at the time the injury occurred and did not have in effect for that motor vehicle the security required by section 3101(1) at the time the injury occurred." In turn, MCL 500.3101(1) provides that "[t]he owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance." Goings argued that he did not violate section 3101(1) because he was a nonresident at the time of the accident and, therefore, was not required to register his vehicle in Michigan. The trial court did not decide whether Goings was a resident or a nonresident of Michigan, but instead ruled that his tort action was barred by MCL 500.3135(2)(c) because he failed to comply with MCL 500.3102(1), which provides:

> A nonresident owner or registrant of a motor vehicle or motorcycle not registered in this state shall not operate or permit the motor vehicle or motorcycle to be operated in this state for an aggregate of more than 30 days in any calendar year unless he or she continuously maintains security for the payment of benefits pursuant to this chapter.

The trial court concluded that, although it is not mentioned in MCL 500.3135(2)(c), a violation of MCL 500.3102(1) triggers the bar on tort damages under MCL 500.3135(2)(c). We hold that this ruling was legally erroneous and we agree with Goings that the trial court should not have summarily dismissed his claim in favor of Giacomantonio-Snow.

The Legislature's intent to bar certain plaintiffs from recovering tort damages is evidenced by the plain language of MCL 500.3135(2)(c) itself. The statute explicitly states that tort damages must not be awarded to a plaintiff who failed to maintain Michigan no-fault insurance under one

-3-

specific no-fault provision, MCL 500.3101(1), which requires the owner of a vehicle that must be registered in Michigan to maintain Michigan no-fault insurance. In drafting MCL 500.3135(2)(c), the Legislature chose to reference a single statutory section to trigger the bar on the recovery of tort damages, and chose not to reference any other statutory section to trigger that bar. It would violate fundamental principles of statutory interpretation and alter the plain legislative intent to read into the statute an additional prohibition on the recovery of damages by citing a statutory section not set forth in the unambiguous language of MCL 500.3135(2)(c).

If the Legislature intended to bar tort claims by nonresident vehicle owners who failed to obtain Michigan no-fault insurance after driving in the state for more than 30 days in a year, it could have named section 3102(1) as a bar to damages as well as section 3101(1), but it chose not to do so. Accordingly, a plain reading of the statute leads to one conclusion—that tort damages are barred if the vehicle owner was required to register the vehicle in Michigan and failed to maintain no-fault insurance, but does not bar the recovery of damages by an insured nonresident owner of a vehicle registered in another state, even if the owner should have obtained Michigan no-fault insurance under section 3102(1) for driving in Michigan for a total of more than 30 days in a year.

We disagree with the trial court's reliance on *McGhee v Helsel*, 262 Mich App 221; 686 NW2d 6 (2004), to support its conclusion that a nonresident owner who violates MCL 500.3102(1) is barred from recovering tort damages pursuant to MCL 500.3135(2)(c). In *McGhee*, the plaintiff, Ellen McGhee, sustained injuries in an auto accident in Michigan that involved another driver, Bill Helsel, who had Michigan no-fault insurance. *Id*. at 222-223. McGhee resided in Indiana at the time of the accident and her vehicle was also registered in Indiana. *Id*. at 222. However, unlike Goings in this case, McGhee had no insurance on her vehicle issued in Michigan or in any other state. *Id*. at 223. McGhee filed a claim against Helsel under MCL 500.3135(1) and maintained that Helsel's negligent driving caused her injuries that resulted in serious impairment of a body function. *Id*. The trial court dismissed McGhee's claim for noneconomic damages because it ruled that, if an uninsured resident in Michigan is barred from recovering damages in a tort action, it would defy logic to allow an uninsured nonresident to recover those damages. *Id*.

This Court reversed the trial court's grant of summary disposition to Helsel and reasoned that the unambiguous language of MCL 500.3135(1) stated that McGhee was only barred from recovering damages if she did not have insurance as required by section 3101(1). *Id*. at 224-225. McGhee did not need to register her vehicle in Michigan under section 3101(1), so she did not need to maintain a Michigan no-fault insurance policy. *Id*. at 225. This Court also observed that, under MCL 500.3102(1), McGhee did not drive in Michigan for more than 30 days in a calendar year. *Id*. The *McGhee* Court concluded that MCL 500.3135(2)(c) did not bar McGhee from recovering noneconomic damages in a negligence case against Helsel. *Id*. Although this Court recognized the incongruity of allowing an uninsured nonresident to recover damages under Michigan's no-fault act while barring uninsured Michigan residents from doing so, the Court nonetheless ruled that the plain language of MCL 500.3135(2)(c) led to this result. *Id*. at 226-227.

Although the *McGhee* Court cited MCL 500.3102(1) in its opinion and observed that it did not apply to the factual circumstances of the case, it is not binding authority on the question before us. The Court's reference to section 3102(1) was not necessary to its resolution of the appeal and was, therefore, nonbinding dicta. *Griswold Props, LLC v Lexington Ins Co*, 276 Mich App 551,

-4-

557-558; 741 NW2d 549 (2007). It is well-settled that not all statements in a published decision are binding rules of law if they are made in the course of rendering a decision, but not directly necessary to that decision. *Auto-Owners Ins Co v All Star Lawn Specialists Plus, Inc*, 497 Mich 13, 21 n 15; 857 NW2d 520 (2014).

Were we to rule otherwise regarding this Court's observation in *McGhee*, which is the reading urged by Giacomantonio-Snow, it would also violate well-established rules of statutory construction. An unambiguous statute must be read and applied as written and we must presume the Legislature intended the meaning it plainly expressed. *Le Gassick*, 330 Mich App at 495. For these reasons, *McGhee* does not control whether a violation of section 3102(1) invokes the bar on tort damages in MCL 500.3135(2)(c), and the trial court erred by granting summary disposition to Giacomantonio-Snow on this ground.

Giacomantonio-Snow asks us to credit this Court's reference to *McGhee* in an unpublished opinion from this Court, *Bundles v Markel Ins Co of Canada*, unpublished per curiam opinion of the Court of Appeals, issued September 21, 2004 (Docket No. 248843).[1] We decline to do so because *Bundles* did not did not involve the statute at issue here, MCL 500.3135(2)(c), and instead addressed a claim for first-party personal injury protection (PIP) benefits under a different provision, MCL 500.3113(b). *Id*., unpub op at 1-3. We are also unpersuaded by Giacomantonio-Snow's reliance on *Dahlmann v Geico Gen Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued March 22, 2016 (Docket Nos. 324698 and 325225), because, again, the case addressed the plaintiff's entitlement to PIP benefits and did not address whether a violation of MCL 500.3102(1) bars the recovery of noneconomic damages under MCL 500.3135(2)(c). *Id*., unpub op at 2, 4-6. We do not find these cases persuasive because they are also distinguishable from the facts of this case.

We find more persuasive this Court's opinion in *Alexander v Kubacki*, unpublished per curiam opinion of the Court of Appeals, issued May 4, 2023 (Docket No. 360100), in which this Court addressed the same questions raised in this appeal. In *Alexander*, the plaintiff, Shavon Alexander, lived in Ohio but commuted to Michigan for work using a vehicle owned by her father, who registered and insured the car in his home state of Georgia. *Id*., unpub op at 1-2. Alexander sustained injuries in a motor vehicle accident while driving in Michigan, and filed a negligence claim against the other driver, defendant Matthew Kubacki. *Id*. The trial court denied Kubacki's motion for summary disposition and Kubacki appealed. *Id*.

Kubacki argued that Alexander had no right to recover tort damages under MCL 500.3135(2)(c) because, as a nonresident constructive owner of the vehicle, she violated section 3102(1) by driving the vehicle in Michigan for more than 30 days in a calendar year without maintaining Michigan no-fault insurance. *Id*., unpub op at 2. This Court disagreed and held that the plain language of MCL 500.3135(2)(c) bars the recovery of tort damages if the owner violated

---

[1] "Although MCR 7.215(C)(1) provides that unpublished opinions are not binding under the rule of stare decisis, a court may nonetheless consider such opinions for their instructive or persuasive value." *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017).

section 3101(1), but makes no reference to section 3102(1) and, therefore, a violation of section 3102(1) would not implicate the bar on damages in MCL 500.3135(2)(c). *Id.*, unpub op at 3.

This Court also rejected Kubacki's argument that this Court should read MCL 500.3135(2)(c) to prohibit the recovery of noneconomic damages if the driver violated either section 3101(1) or section 3102(1) because the provisions relate to the same subject and share a common purpose under the doctrine of *in pari materia*. *Id.*, unpub op at 3-4. As this Court aptly observed, that interpretive doctrine applies only when a statute is ambiguous and MCL 500.3135(2)(c) unambiguously bars damages only if the plaintiff failed to comply with section 3101(1). *Id.*[2]

Similar to Kubacki's argument, Giacomantonio-Snow asserts that the failure to maintain no-fault insurance should bar the award of noneconomic damages under MCL 500.3135(2)(c), regardless of whether the obligation arose as a Michigan resident under section 3101(1), or a nonresident under section 3102(1). As previously noted, however, MCL 500.3135(2)(c) unequivocally states that the bar to the recovery of damages applies only if the plaintiff failed to maintain no-fault insurance under section 3101(1), and we will not read language into an unambiguous statute or add provisions when the statute is clear. *Id.*, unpub op at 4. We agree with the *Alexander* Court that under the plain, unambiguous language of the statute, only a violation of MCL 500.3101(1) triggers MCL 500.3135(2)(c)'s bar on the recovery of noneconomic damages. *Id.* For these reasons, we hold that the trial court erred by granting summary disposition to Giacomantonio-Snow on the ground that Goings is barred from an award of noneconomic damages for violating MCL 500.3102(1).

## C. RESIDENCY

The parties disagree about whether Goings arguably violated MCL 500.3101(1), which would bar his recovery of tort damages for his injuries under MCL 500.3135(2)(c) if he was required to register his SUV in Michigan and also maintain no-fault insurance. Goings argues that he did not need to register his vehicle in Michigan under provisions of Motor Vehicle Code, MCL 257.1 *et seq.* because, when the accident occurred, he was a nonresident under MCL 257.216(1)(a) and MCL 257.243(1), and he did not continuously operate his SUV in Michigan for a period exceeding 90 days under MCL 257.243(4) ("A nonresident owner of a pleasure vehicle otherwise subject to registration under this act shall not operate the vehicle for a period exceeding 90 days without securing registration in this state."). Giacomantonio-Snow contends that, to the contrary, Goings was required to register his vehicle in Michigan and maintain insurance under MCL 500.3101(1) because he was a resident of Michigan when the accident occurred.

We hold that there remains a genuine issue of material fact about whether Goings was a Michigan resident at the time of the accident. Although Goings asserts that, under MCL

---

[2] The *Alexander* Court also ruled, as we do, that, "to the degree [*McGhee*] can be read as indicating that MCL 500.3135(2)(c) would apply had there been a violation of MCL 500.3102(1) it would be nonbinding dicta as that issue was not necessary to the resolution of the appeal." *Alexander*, unpub op at 4 n 6.

206.18(1)(a) of the Income Tax Act of 1967, he was not "domiciled" in Michigan, our courts have consistently defined "domicile" and "residence" differently for purposes of the no-fault act. *Grange Ins Co of Mich v Lawrence*, 494 Mich 475, 500; 835 NW2d 363 (2013). No provision of the no-fault act defines "domicile," but our courts have defined it to mean "the place where a person has his true, fixed, permanent home, and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id*. at 493. By contrast, our courts define a residence as any place of abode or dwelling place, even if temporary. *Id*. at 494. Those definitions lead to the necessary conclusion that "a person may have only one domicile, but more than one residence." *Id*.

In the trial court, the parties presented ample evidence to support each of their positions on Goings's residency at the time of the accident. Evidence showed that Goings worked in Michigan for 50 to 60 hours a week, but that he maintained a home in Ohio where his minor son lived and attended school. Goings paid Ohio state taxes and was registered to vote in Ohio, but he also spent nights at his girlfriend's house in Michigan. Even Goings himself gave conflicting statements about whether he spent most of each week in Ohio or Michigan before the accident. Because reasonable minds might differ on the issue of whether Goings was a resident or nonresident of Michigan for purposes of MCL 500.3101(1) which, in turn, could bar his claim for damages under MCL 500.3135(2)(c), the trial court erred by granting summary disposition to Giacomantonio-Snow. *El-Khalil*, 504 Mich at 160. When a genuine issue of material fact exists, the claim should not be dismissed under MCR 2.116(C)(10).

We reverse the trial court's grant of summary disposition to Giacomantonio-Snow, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kristina Robinson Garrett
/s/ Christopher P. Yates
/s/ Stephen L. Borrello

-7-